Kernan vs. Baham et als.

No. 11,212.

W. F. KERNAN VS. J. N. BAHAM ET ALS.

1. As against a defendant whose claims in a petitory action are found to rest only on possession and prescription under it, plaintiff need not show a title perfect in all respects; one apparently good will suffice.

2. Where the officers of the United States in the matter of relocation of a cultivation and settlement right have dealt with a person as the holder of the same under a derivative title, he will be entitled to hold such position *prima facie* as against a person contesting it collaterally as a defendant in a petitory action, in which action he does not show title but has to rely upon possession.

3. Where, in consequence of an erroneous survey of a cultivation and settlement right which called for a location of six hundred and fifty acres on the Tangipahoa river, the land has been located in wrong sections, township and range, and by wrong numbers far to the east and away from the river, the owner in granting a mortgage on the property described it as a tract of six hundred and fifty acres on the Tangipahoa river, but assigned to it the numbers of the sections, township and range given in the survey, the error was not fatal, and when subsequently on discovery of the error the government resurveyed and properly located the land, the resurvey and new location bound the owner and inured to the benefit of his mortgage creditor. There was in this no change in the thing mortgaged, no substitution of one tract for another, but a mere yielding of some incorrect calls by replacement to bring them to conform to others which having been correct all the time, were not altered but [adhered to by the government.

4. Parole evidence to establish identity is allowable, as is likewise parole evidence of possession in aid of a defective or ambiguous description of land in an act of sale, but this is only where there is a sufficient body in the description to leave the title resting substantially on writing and not essentially on parole. A written title with a reasonable degree of certainty of description has to be produced.

5. The extent of the rights of the husband and father regulate those of the widow and heirs, who succeed to all his rights and those of the community, but they are transmitted with all their defects as well as their advantages, the change in the proprietor producing no alteration in the nature of the title or possession.

6. An act of partition is not an act "translative" of but only "declaratory" of property—it does not create a new title or give a new possession, and it does not serve as a basis for the prescription of ten years.

7. The prescription of ten years requires good faith as its basis, and the owner sufficiently shows bad faith in proving that the present possessors hold the property as heirs and widow in community of another who was not himself in legal good faith. The widow claiming community rights is not a third person. *quoad* the community.

8. Under its exceptional legislation relative to property bank mortgages, it was the intention of the Legislature to protect those mortgages against any adverse right of ownership or possession subsequent to their date and up to their maturity or enforcement.

APPEAL from the Sixteenth District Court, Parish of Tangipahoa Thompson, J.

---

### *Henry P. Dart* for Plaintiff and Appellant:

1. Stock mortgages in favor of the Clinton & Port Hudson R. R. Co. did not mature until demand for their enforcement, and prescription began to run only from that date. Clinton & Port Hudson R. R. Co. vs. Eason, 14 An. 816; Acts of 1834, pp. 116, 119, Charter.

Consequently, prescription was suspended against a possessor without title of the mortgaged property, and did not begin in his favor until the foreclosure of the mortgage, and as thirty years have not run since that event a title by possession has not been established in favor of the squatter.

2. A trespasser can not create a just title in his own favor, and at his death his widow and heirs represent him with no greater rights in that respect than he had. Consequently, where such heirs by a private writing transfer without price and without intervention of justice their rights to their mother, the widow of the trespasser, she does not thereby receive such a just title translative of property from one whom she really believes to be owner as will base a title by the ten years' prescription.

The action of the heirs affects only their share—the half interest which she receives as widow in community comes by operation of law, and can not be eked out by that writing. Beer vs. Leonard, 40 An. 846; Stille vs. Shuel, 41 An. 816.

3. Possession of a tract of 670 acres is not established by proof of occupancy at different times of less than one-tenth of the whole; the possession of a smaller quantity by other trespassers during the same time does not aid the defence, as to whom plaintiff need not show a title good against the world. Gardere vs. Blanton, 35 An. 811; Stille vs. Shuel, 41 An. 820.

---

*Stephen D. Ellis* for Defendants and Appellees.

---

The opinion of the court was delivered by

NICHOLLS, C. J. This is a petitory action begun December 2, 1886, in which plaintiff claims the ownership of 638 77-100 acres of land in the parish of Tangipahoa, being *section* forty-one (41), *township* five (5) *south, range seven* (7) *east*, and *section thirty-nine* (39), *township* five (5) SOUTH, RANGE EIGHT (8) EAST, *Greensburg District.*