BREAUX, C. J.
Plaintiffs brought this action on a note for $2,000, interest thereon, and fee of attorney, and at the same time obtained a writ of sequestration, and had seized property on which they claimed a vendor’s privilege.
The defendants moved for the dissolution of the writ of sequestration on the ground that the affidavit was untrue, and that they were not about to remove their property out of the jurisdiction of the court to defraud their creditors.
With reference to bills of exception, six in number were reserved to the court’s ruling during the trial, charging as many errors in the court’s ruling.
They are, in substance, that the court-erred in allowing an amended answer to be filed; in not allowing one of the plaintiffs to testify in regard to the books of the Dixie Lumber Company, which defendants claim were transferred to them — a transfer which the plaintiffs deny under circumstances very much against them. The other objections were of minor importance, and would not affect the result materially, considered from any point of view. We will take up these points in a moment tor decision.
On the merits of the cause the facts are that plaintiffs sold a sawmill and appurtenances, viz., the Dixie Sawmill, to the defendants, for the sum of $10,850 cash, less amount of two notes, one for $850 and the other for $2,000, which represent the credit portion of the purchase price. The last-mentioned is the note sued on in this case. The other note for $850 was transferred to a third person prior to maturity, in whose hands the maker could not do less than to pay it.
'The deed of sale of the Dixie Sawmill is unique. Vendors sold:
‘‘One saw mill complete with all the attachments, such as boiler, engine, edge bull wheel, 1 br. trucks, slab ear mill shed, runaway kills, together with all lumber thereon, the lessee’s right to all the land in which is owned or leased by the company, houses and lots, water supply, with all the fixtures, teams, wagons, chains, hooks, altogether with shops and take all things owned by the Dixie Lumber Co., that is in operation at the above date.”
The foregoing, copied from the written deed of sitie, contains a list of property sold.
Defendants aver that the following list of property was not delivered, and that, in consequence, to the amount of their value, plaintiffs are liable, and that to the sum due on the note in question there is an offset:
1. Books and account............. $ 500 00
2. One wagon ................... 100 00
3. One circular saw and pulleys.... 75 00
4. 200 acres of timber............. 500 00
5. Value of five houses sold but not delivered .................... 1,350 00-
O. Value of the lumber s'old and included in trade and not delivered 112 50
7. Amount paid out on yoke of oxen to Davis, as per Steven’s instructions ................... 100 00
Total...................... $2,747 50.
The judgment appealed from allows all these articles at the before-stated value, except a few items of property.
On Motion to Dissolve.
The writ of sequestration protects a property right where some necessity exists for- *130 issuing the writ. Plaintiffs made no attempt to support their affidavit, although defendants alleged and testified that there was no necessity for issuing it. It is not suggested that the business was such as to give rise to apprehension to any creditor. No change had taken place in sales made, save of lumber in due course of business. Defendants had increased their'holdings in the locality by buying lands and movable property.
Plaintiffs have not sworn to a single fact which gave cause for apprehension and which moved them to fear that defendants were seeking to evade the payment of this account in an unlawful manner.
To sustain an affidavit in case it is put at issue, at least one fact or some slight circumstances should be proven. This, we have said, was not done. We do not think that plaintiffs sustain their right to the sequestration. If we were to sustain it, then on every claim secured by vendor’s privilege upon affidavit the writ might issue. The defendant would be, as to the cause for sequestration, left without any defense whatever. The clearest showing that there was not the least intention to illegally make away with the property would be of no avail. This is evidently not the intention of the articles relating to sequestration.
On the Bills of Exception.
As relates to grounds of these exceptions, we take up, in the first place, for decision, the ground urged by plaintiffs that the amendment of the answer should not have been allowed. The amendment did not substitute a new or inconsistent plea. It only amplified the grounds of defense. Besides, plaintiffs did not succeed in maintaining their suits for sums claimed, and were therefore entirely without right. It related to the rights defendants claimed to arise from the contract of sale in question. In that connection it made the issues distinct. It was not dilatory; it does not appear to have taken plaintiffs by surprise.
With reference to timeliness of the amendment, it is settled that the judg§ may exercise a broad discretion in the interest of justice. The amendment was properly allow-' ed.
With reference to the books of the lumber company, which defendants claimed, and the asserted ruling of the court declining to permit a witness to testify as to their contents, no prejudicial error was committed. The testimony of this witness on the line suggested would not materially alter the result one way or the other. We assume that he would have testified as stated by pláintiffs.
The deed from which we have inserted an extract above shows that it was carelessly drawn. It was proper to admit the testimony of witnesses to prove what property had been delivered to the buyer, and to explain the ambiguous and insufficient clauses of this deed, intended to be descriptive of the property transferred. True, this contract of sale was in writing. But it was not sufficiently definite to explain, itself, or show just what property plaintiffs intended to sell and defendants to buy. It is, in other words, very obscure, as relates to the property it was the intention to sell.
The testimony was properly admitted to show the intention of the parties to the instrument. We have found no ground in all the exceptions reserved to remand the case for another trial because of excluded testimony.
With reference to the testimony which was admitted, it did not have prejudicial effect in view of the fact that the testimony, taken as a whole, fairly presents all the different questions involved. We have considered each point. For the sake of some brevity, we overrule them without a special reference to those not specially alluded to in our ruling.
*131 On the Merits.
At first blush it looked as if defendants had bought a “pig in a poke.” The testimony admitted on the trial has rendered clearly the statement of the deed regarding the transfer of property.
The first articles of property claimed by defendants as included under the terms of the sale and allowed by the courts are the books of the firm showing the number of accounts due to the Dixie Sawmill, sold, as before mentioned. They were not turned over to the defendants.
Defendants obtained a rule served on plaintiffs to compel them to deliver these books. In their answer to this rule they did not deny that they had transferred them to defendants. In their answer they admitted that the “Dixie Lumber Company turned over to defendants all their books and accounts and left on the mill premises then occupied” by defendants.
They had not delivered any books at all. Those referred to are the only books of the company transferred. There were unquestionably books. They should have been produced, or a better showing made than was made, why they were not produced.
These books contain accounts of the lumber company, without which. defendants (transferees) could not collect them, as they knew nothing of the debtors or the amount of the indebtedness. The defendants testify that they were included in the sale.
The plaintiffs were the last in whose possession it is shown they were after the sale. One of the plaintiffs testified:
“The next morning (after the sale) we were in a hurry to get off to Dodson, and we picked up the books and papers and bundled them up with the other things and threw them into the wagon.” Words in parentheses ours.
These papers, the testimony discloses, were worth over the amount claimed as their value. The second item, for a wagon which plaintiffs failed to deliver, has every appearance of being sustained by the testimony; that is, the Davis claim of $100 paid by defendants on the order of one of the partners.
With reference to the houses, J. E. Brown, one of the partners, testified that four houses were included in the sale. The district judge accepted four houses as the correct number of houses. We think in thus taking that number he did not err.
It is singular that no attempt was made by plaintiffs to obtain the testimony of Stephens, one of the partners, who is said to have pointed out the property. The Dixie Sawmill Company, at the sale, or not long afterward, furnished to defendants a list of property sold. Guess, one of the defendants, received it and soon afterward lost it. The partner in the sawmill company, Swanson, by whom it was delivered to Guess, testified that it contained a full statement of all the property sold. He would have it that only few of the articles claimed by defendants (buyers) were included — very few. Evidently the judge of the district court, who saw and heard the statement, did not believe it. Considering all the facts and circumstances, we think that the parties intended to sell and did sell all the property of the company pointed out by Stephens, and under the circumstances we attach no importance to the list in question.
We will not dwell any longer upon these different items of property. They were pointed out by one of the members of the company as property sold. They are bound by their act. We decline to grant plaintiffs’ prayer in answer to the appeal for an increase of the amount of the judgment. We also decline to grant the prayer of plaintiffs to amend the judgment.
We have concluded to affirm the judgment.
It is affirmed.