————o————

No. 4654.

(Court of Appeal, Pasish of Orleans.)

THE LAWYERS' CO-OPERATIVE PUBLISHING CO. VS. HENRY L. GARLAND, JR.

1. On the trial of the rule to dissolve the writ of sequestration on the ground of falsity of the affidavit, plaintiff is required to do more than rest upon the pleadings and affidavit. He must show and sustain the grounds and facts upon which his alleged fear, that defendant would remove or dispose of the property, was made to rest. 50 A. page 931.

2. The evidence in this case fails to show any intention on the part of the defendant to conceal or dispose of the property on which plaintiff claims a vendor's privilege during pendency of this suit, and the sequestration must be dissolved. 52 A. 11; 115 La. 230.

Appeal from the Civil District Court, Division "E."

Johnson & Fleury, for Plaintiff and Appellant.

A. G. Levy, for Defendant and Appellee.

ESTOPINAL, J. This was a suit instituted by the plain-

tiff for four hundred and fifty-three dollars and forty cents ($453.40), and for recognition of its vendor's lien and privilege on a certain set of books which it alleged it had sold to defendant.

Plaintiff's demand was accompanied by a prayer for a sequestration based upon an allegation "that it has a vendor's lien and privilege upon the books sold defendant, and that it fears that defendant will part with or dispose of said books now in his possession, or will remove them from the jurisdiction of the Court during the pendency of the suit."

Defendant interposed a rule to dissolve the writ in which he attacked the legality of the bond given, and denied the verity of the affidavit.

There was judgment below dissolving the writ and allowing twenty-five dollars ($25.00) Attorney's fees.

A careful examination of this record satisfies us that the judgment appealed from is correct, and the opinion of our learned brother of the District Court states the facts and the law applicable thereto so concisely and clearly that we adopt it in full:

"Two grounds are assigned by defendant for the dissolution of the writ of sequestration herein issued: First, that the bond given to obtain said writ is not properly signed; and, Second, that the averments of the sworn petition are untrue, and that there does not exist ground sufficient to warrant the issuance of the writ.

1. "The bond is signed 'Lawyers' Co-operative Publishing Company, per Claude L. Johnson.' Johnson's authority to sue and make affidavit, and sign all necessary bonds for plaintiff, has been fully proved. Besides, defendant does not insist on this point.

2. "The evidence negatives any intention on the part of defendant to conceal, part with or dispose of the books on which plaintiff claims a vendor's privilege, during the pendency of this suit.

"True, he failed to keep several promises to pay notes representing the purchase price, long past due; the last promise being to pay the sum of $150 on account August 6th, 1908. On that day, when the representative of plaintiff (Gugel) called at his law office he was not to be found. But his absence was accounted for by the fact that he had

been called to Opelousas because of the serious illness of his father, a fact which was communicated at the time to plaintiff's representative by the defendant's nephew.

"It is true also that Johnson, another representative of plaintiff, whilst calling at defendant's law office, noticed that some of the books were not there; but the missing books were bought by defendant as duplicates for use at his home, and plaintiff's salesman (Davis) had been so informed at the time of the purchase.

"It is equally true that the missing books were not forthcoming when the sequestration was levied, but this is explained by the fact that the Sheriff made no attempt to effect a seizure at defendant's home, and sequestered only such books as were found at his office. Defendant was under no obligation to point out the property to be sequestered and his failure to do so could not subject him to the suspicion that he meant to conceal them. Moreover, the conduct of defendant after the issuance of the writ of sequestration could not have determined the making of the affidavit which preceded it. Defendant, be it noted, on the trial of the rule to dissolve, offered to surrender to plaintiff, under the writ, the missing books in question, and avowed his readiness at all times to return to plaintiff without suit all the books bought, had such request been made him.

"As plaintiff has failed to prove any act of defendant justifying the fear that he would conceal, part with or dispose of the said books pending this suit, in order to deprive plaintiff of his vendor's lien, there was no warrant for the sequestration.

"Such, at least, is my understanding of the latest authorities from Vives vs. Robertson, 52 An. 11, to Young vs. Guess & Swanson, 115 La. 230.

"Whenever the averments of his affidavits are traversed, the creditor who, for the purpose of obtaining a sequestration, swears that he fears that his debtor will conceal, part with or dispose of the movable property on which he claims a lien or privilege, must prove that his debtor actually intended to conceal, part with or dispose of the property. It is not sufficient for the creditor to fear; he must have good reasons to fear. Mere failure to pay the debt

is not a good reason. Lowden vs. Robertson, 40 An. 824, has been in effect, if not in terms, overruled.

"It is, therefore, ordered, adjudged and decreed that the rule to dissolve the writ of sequestration herein issued be made absolute, and, accordingly, that the writ of sequestration be dissolved and set aside with costs, and with twenty-five dollars for attorney's fees, as damages to be paid by plaintiff to defendant, reserving to defendant the right to sue for and recover such other damages as he may have suffered because of the illegal issuance of said writ."

It is clear, as stated by the Judge *a qua*, that the case of Lowden vs. Robertson, 40 An. 824, has been overruled by the more recent adjudications of the Supreme Court.

In Young et al. vs. Guess & Swanson, the Court says:

"To sustain an affidavit in case it is put at issue, at least one fact or some slight circumstances should be proven. This we have said, was not done. We do not think that plaintiffs sustain their right to sequestration. If we were to sustain it, then on every claim secured by vendor's privilege upon affidavit the writ might issue. The defendant would be, as to the cause for sequestration, left without any defense whatever. *The clearest showing that there was not the least intention to illegally make away with the property would be of no avail* (italics ours). This is evidently not the intention of the articles relating to sequestration."

The judgment is affirmed.