No. 3624

Second Circuit

(Second Division)

———

**JACKSON v. HARRIS ET AL.**

———

(July 16, 1931. Opinion and Decree.)
(August 12, 1931. Rehearing Granted.)

———

Craig, Bolin & Magee, of Mansfield, attorneys for plaintiff, appellee.

Lee & Williams, of Mansfield, attorneys for defendants, appellants.

STEPHENS, J. The plaintiff alleges that he is the owner of a certain described forty acres of land, and that he purchased said property from N. M. Hale on October 1, 1925, for $600; that N. M. Hale executed and delivered to plaintiff a receipt for said sum, which reads as follows:

"Benson, La. Oct. 25th/25
"Received from Archie Jackson in full payment of land ($600.) Six Hundred Dollars.
"To (signed) N. M. Hale."

He further alleges that he went into possession of the property immediately after his purchase, and has remained in continuous, uninterrupted possession thereof until the present time; that the defendants are slandering his title by claiming the ownership thereof under a partition proceedings, and by executing a deed of sale purporting to convey the timber; and further by threatening to sue him for rent of the land.

The plaintiff prays that his title be recognized, and that the said act of partition be held as without effect against him; and that the act of sale purporting to convey the timber be decreed a simulation; and that he have judgment for $250 damages for slander of his title.

Defendants answered and denied generally the allegations of plaintiff's petition, except that they admitted having partitioned the property, and having sold the timber thereon as alleged; and assuming the position of plaintiff in reconvention, they pray for judgment for the use and occupancy of eleven acres of the property in question for the years 1927 and 1928, in the sum of $5 per acre, or $110.

The trial of the case resulted in a judgment recognizing the plaintiff as the own-

er of the property in question, less the minerals under said land. The defendants have appealed and plaintiff has answered the appeal, praying that the judgment of the lower court be amended so as to recognize him as owner of the land and minerals.

Subject to the objection of counsel for the defendants that parol evidence is inadmissible to establish title to real estate; and that the description of the property in the receipt as "land" is too vague, indefinite, and lacking in the essentials as to identity to admit of extrinsic evidence in aid thereof, the following facts were developed on the trial of the case:

The plaintiff approached Mrs. Best, the owner of the property, the title of which is in dispute, with the view of purchasing it on credit. Mrs. Best would not agree to sell on terms of credit, but conveyed the property to her uncle, N. M. Hale, with the verbal understanding that when plaintiff paid the purchase price of $600 to Mr. Hale he would transfer him the land. The purchase price was paid and the receipt, as above shown, was given the plaintiff, and he entered into the immediate possession of the property. He fenced and cultivated eleven acres of the land during the years 1927 and 1928, and cut ties on the unfenced portion thereof from time to time. Hale recognized the ownership of plaintiff and expressed the intention of deeding him the land; during his last illness he told Mrs. Best that the land should not be considered a portion of his estate in the event of his death. He died before executing the deed, and his succession, which included the property here in question, was accepted by his heirs, the defendants, and they were sent into possession of the same. There was no other transaction at any time between the plaintiff and Mr. Hale in which land was involved.

It is apparent that if the parol evidence is admissible that discloses the state of facts thus related, the plaintiff should recover; but if the evidence should have been excluded and the plaintiff is left standing upon the naked receipt, we are of the opinion that his case must fall.

A receipt has been held to be sufficient evidence of the transfer of title to real estate. In the case of Barfield v. Saunders, 116 La. 136, 40 So. 593, 594, Barfield recovered upon a receipt which read as follows:

"This note goes as a payment on the Prudhomme Place, leaving four more notes, for Four Hundred Dollars ($400.00) each, with interest from October the 1st, 1901, due 1903, 1904, 1905, and 1906.
"(Signed) C. W. Blair."

It will be noted that the property was described in the receipt as the "Prudhomme place." The sufficiency of the description was not in question. It is well established that property can be transferred by a well-known name.

It was stated in the case of Phelan v. Wilson, 114 La. 823, 38 So. 570, 573, upon the authority of a long list of cited cases, that: "The description of a residence or plantation by name and locality is sufficient."

There is nothing in the receipt relied on in the instant case which is descriptive of the property alleged to have been conveyed. No well-known name of the land is given, nor is it located in or prescribed by the boundaries of any political subdivision. In so far as the description is concerned, the property alleged to have been conveyed may have been land of any number of acres, located anywhere. If the

court should hold that the plaintiff is entitled to recover the land in controversy, it must receive parol evidence both to describe the land, and to apply the description to it. Such use of parol evidence would be violative of article 2275 of the Civil Code, which requires that every transfer of immovable property must be in writing.

The rule in Louisiana with reference to the sufficiency of descriptions in instruments transferring real property, and limiting the use of extrinsic evidence in aid of such descriptions, is found in the case of Kernan v. Baham et al., 45 La. Ann. 799, 13 So. 155, and reads as follows:

"Parol evidence to establish identity is allowable, as is, likewise, parol evidence of possession in aid of a defective or ambiguous description of land, in an act of sale, but this is only where there is a sufficient body in the description to leave the title resting substantially on writing, and not essentially on parol. A written title, with a reasonable degree of certainty of description, has to be produced."

The property attempted to be conveyed in Kernan v. Baham et al. was described as "certain lands in St. Tammany parish, sold that day by the bank to said Baham." In excluding parol evidence to identify the property, the court used the following language:

"The writings which defendants present as establishing their title are not only insufficient per se for that purpose, but they are so defective as not to serve as a basis upon which a title could be built up or eked out by parol. The declaration that the promissory note was given as 'the price of certain lands in the parish of St. Tammany' is entirely too general to justify the admission of parol evidence to establish possession of particular property by the party named in the instrument as the vendee, and from such possession to assume or infer it to be that referred to in the writing."

In said case claimants under the defective instrument were in possession of the property as in the instant case; and there was no question presented as to the rights of third persons relying on the face of the public records, and there is no such question here.

We find the following in 8 R. C. L., verbo, Deeds, sec. 125, page 1072:

"Generally, if the description of the land intended to be embraced and the title thereto conveyed by the deed, is so indefinite or uncertain that it fails to designate or identify the land meant, the deed is inoperative; for a deed, to be valid on its face, requires not only a grantor and a grantee, but also a thing granted, and if the description is too indefinite to convey anything, then the paper on its face lacks one of the essential elements of a conveyance, for it is essential to the validity of a grant that the thing granted should be so described as to be capable of being distinguished from other things of the same kind. Hence a deed which conveys no particular spot of ground can transfer no title."

There are numerous cases in the Louisiana jurisprudence which support the rule as thus quoted, but in most instances the question presented was the sufficiency of the description with respect to third persons.

The cases relied on by the plaintiff, none of which support his contention that the description in a transfer of immovable property may be completely supplied by parol, are as follows: Moore v. Hampton et al., 3 La. Ann. 192; Young v. Guess & Swanson, 115 La. 230, 38 So. 975, 976; Cousin v. Schmidt et al., 143 La. 843, 79 So. 427, 428; Da Ponte v. Ogden et al., 161 La. 378, 108 So. 777.

In the first of these cases there was an indefinite, and ambiguous description in the instrument in question. The court per-

mitted parol evidence for the purpose of applying the description in the instrument to the land. In the instant case there is no description to apply to the land. In the cited case the court said:

· "The evidence adduced for the purpose of identifying the thing sold, explains and elucidates the title, and goes neither against nor beyond it. The facts it establishes are analogous to those of extent and boundary."

In Young v. Guess & Swanson, the subject of the sale was described as a sawmill, lands, leases, etc., owned by the Dixie Saw Mill Company, the vendor. The description "Dixie Saw Mill" falls under the well-known name rule. The court, however, in keeping, we think, with the rule in Kernan v Baham, held:

"It was proper to admit the testimony of witnesses to prove what property had been delivered to the buyer, and to explain the ambiguous and insufficient clauses of this deed, intended to be descriptive of the property transferred."

The case of Cousin v. Schmidt et al. is not in point for the reason that there was no issue before the court upon the question of the identity of the land which was indefinitely described in the document evidencing the transfer. The court did state in the syllabus, notwithstanding this fact

"A written receipt for money paid on account for the 'purchase price' of land, imperfectly described, may be supplemented by parol evidence identifying the land and establishing the amount agreed on as the price."

This statement of the law in no way conflicts with the rule in Kernan v. Baham.

In the last-cited case, Da Ponte v. Ogden et al., parol evidence was not relied on to supply a description of the property in the agreement of sale. On page 389 of 161 La., 108 So. 777, 781, we find the following in the opinion of the court:

"The parol evidence went no further, or at least was only necessary to show the existence and nature of the consideration of the agreement to sell and to buy. For this purpose the said parol evidence was admissible."

The rule as stated in Kernan v. Baham is the rule which prevails, with slight modifications, throughout the United States. Excerpts from the following cases are illustrative of this conclusion:

"Parol evidence is admissible to apply the description of property given in a memorandum of sale, if it be definite, to the premises conveyed, if such identification can be made with reasonable certainty; but the memorandum should contain a sufficient description to evidence a common intent of the parties to deal with respect to a particular piece of property, as distinguished from other property." Gendelman v. Mongillo, 96 Conn. 541, 114 A. 914, 915.

"Plaintiff telegraphed defendant, 'I will give you two thousand dollars for your lot, if accepted to-night,' and defendant replied, 'Will accept your offer.' Held, that the description, 'your lot,' was too indefinite to admit of parol evidence to identify the land in a suit for specific performance." Farthing v. Rochelle, 131 N. C. 563, 43 S. E. 1.

In an action to compel specific performance of a contract to convey land, "where a sufficient description is given in the contract, parol evidence may be resorted to in order to fit the description to the thing, but where an insufficient description is given, or where there is no description, such evidence is inadmissible, but that the court will never receive parol evidence both to describe the land, and then apply the description." Ferguson v. Blackwell, 8 Okl. 489, 58 P. 647, 649.

"Location of land may be designated by extrinsic proof, when description affords means of positive identification." Wilson v. Calhoun, 157 Tenn. 667, 11 S. W. (2d) 906.

"Description not identifying land conveyed so as to permit location thereof cannot be aided by extrinsic evidence." Jamison v. Wells (Mo. Sup.) 7 S. W. (2d) 347.

Of course, we feel the urge to brush aside all considerations save those of equity, and adjudge the property to be that of plaintiff, but we are not only constrained from such a course by an established jurisprudence, but by the possible consequences of such a precedent. The rule that every transfer of immovable property must be in writing was established by the legislature to prevent the perpetration of fraud. If it should be held that the identity of the immovable subject of a transfer might be wholly shown by extrinsic evidence it would defeat the purpose of the statute and invite rather than avert fraudulent transactions involving real estate. The enforcement of the rule that there should be sufficient body in the description of immovable property to leave the title resting substantially on writing and not essentially on parol may work a hardship occasionally, as in the instant case; nevertheless, it is clearly our duty to enforce it.

In our opinion the parol evidence, admitted subject to the objection of the counsel for the defendants, should have been excluded, and that the receipt offered by plaintiff as a basis for title is inoperative as a transfer of the property in dispute.

Plaintiff did not sue in the alternative for the recovery of the money paid for the land, so we are not in a position to grant him any relief in that respect.

The evidence shows that the eleven acres of land which were fenced and cultivated by the plaintiff were worth $3 per year for rental purposes. It was occupied and cultivated by the plaintiff during the years 1927 and 1928. Defendants should therefore recover on their reconventional demand the sum of $66.

For the reasons assigned, the judgment herein rendered is annulled, avoided, and reversed, and it is now ordered, adjudged and decreed that there be judgment rejecting plaintiff's demands; and further judgment in favor of the defendants and against the plaintiff in the sum of $66 with legal interest from judicial demand until paid, and all costs.

---

## ON REHEARING

DREW, J. Plaintiff alleged ownership of a certain 40-acre tract of land and the possession of same, and alleged that defendants were slandering his title by having sold timber on the land and claiming ownership by virtue of a partition proceeding, and further, by threatening to sue him for the rent of said land. He prayed that his title be recognized, that the act of partition be held as without effect as to him and for the timber sale to be held a simulation, and further, for damages in the sum of $250 for slander of title.

Defendants answered denying the allegations of the petition in main, admitting the sale of the timber and having partitioned the land, and in reconvention they pray for judgment for the use of the land by plaintiff during the years 1927 and 1928 in the sum of $5 per acre, or $110.

The trial of the case in the lower court resulted in judgment recognizing plaintiff as the owner of the land in question, less the mineral rights thereunder. Defendants appealed and plaintiff answered the appeal praying that the judgment of the

lower court be amended by decreeing him the owner of the land and minerals.

This court on the 16th day of July, 1931, rendered judgment reversing the judgment of the lower court, rejecting the demands of plaintiff and rendering judgment in favor of the defendants and against the plaintiff on the reconventional demand in the sum of $66, with legal interest from judicial demand until paid.

Plaintiff applied for a rehearing on that part of the judgment of this court wherein there was judgment for defendants on the reconventional demand and a rehearing was granted on that question alone.

The only question to determine is: Was plaintiff in legal, good faith or not? Plaintiff's claim of ownership of the land in controversy was based on the following:

"Benson, La., October 25, 1925.
"Received from Archie Jackson in full payment on land ($600.00) Six Hundred Dollars
"to N. M. Hale."

It is apparent on the very face of the above instrument that it did not convey title to plaintiff of the land he claims to have possessed as owner in good faith. The above instrument was not sufficient in terms to transfer the property claimed by plaintiff, although the signer of said instrument had good title to the land and plaintiff could not have had the benefit of the ten-year prescription under said instrument. Article 503 of the Revised Civil Code defines a bona fide possessor as one "who possesses as owner by virtue of an act [meaning a title] sufficient in terms to transfer property, the defects of which [title] he was ignorant of." Land Development Co. v. Schulz, 169 La. 1, 124 So. 125.

A person cannot have just reason to believe himself the master of a thing who possesses by virtue of a title defective on its face. Ignorance of the fact that the vendor was not the true owner under a title on its face translative of property would be a possessor in good faith, but ignorance of the law that the title is defective when the title deed is defective on its face is not possession in legal good faith. McDade v. Bossier Levee Bd., 109 La. 625, 33 So. 628; Heirs of Dohan v. Murdock, 41 La. Ann. 494, 6 So. 131; Wells v. Blackman, 121 La. 394, 46 So. 437; Jackson v. Shaw, 151 La. 795, 92 So. 339; Industrial Lumber Co. v. Fargue, 162 La. 793, 111 So. 166; Land Dev. Co. v. Schulz, 169 La. 1, 124 So. 125.

Plaintiff relies on the case of Miller v. Shumaker, 42 La. Ann. 398, 7 So. 456, 457. This case is not in point. In that case the husband went into possession of certain property belonging to his wife, which had been left to him by her under a will. The will was declared a nullity for the reason that it did not show on its face that it was written by the notary public. The court held that the husband did not owe rents and revenues because he was a possessor in good faith believing himself to be master of the thing under the will. The court in that case said:

"The defendant was in possession of the property, not merely by virtue of the will by which it was bequeathed to him, but of a judicial decree, which ordered 'that its provisions be executed.' Neither the will, nor the decree made to carry it out, were absolute nullities; for their validity could have been acquiesced in, expressly or impliedly, as being in favor of private individuals.
"By the lapse of time, five years (Rev. Civil Code, art. 3542), an action to annul it would have been barred."

He also relies on the case of Pecot v. Prevost, 117 La. 765, 42 So. 263. A careful reading of that case will disclose that the defendant held the property under a

title correctly describing the property and without any defects apparent on its face (see page 775, last paragraph, first column of 117, La., 42 So. 266).

Davis et al. v. Moore, 156 La. 488, 100 So. 691, relied upon by plaintiff, is not in point. The suit was one of boundary in which the boundary had never been fixed.

Land Development Co. v. Schulz, 169 La. 1, 124 So. 125, we think holds to the view we have expressed in this opinion, and Glass v. Ives, 169 La. 809, 126 So. 69, cited by plaintiff, is not in point. Defendant in the latter case was held to be the true owner of the property, and the court said:

"Civ. Code arts. 508 and 3453, pertaining to the rights of a possessor in good faith when evicted by the true owner of the property, held inapplicable where the possessor was evicted by holder of mortgage recorded previous to the possessor's acquiring title to the property."

In this case there was much parol testimony offered over objection of counsel for defendant to prove title in plaintiff, and this court held it was not admissible for that purpose. It might, however, be admissible on the question of good faith of the plaintiff, and, if so considered, it clearly shows by the testimony of plaintiff himself that he knew at the time he took the receipt relied upon by him to make out his title, that he was not receiving a deed, but was promised a deed to the property in dispute at a later date. If ignorance of the law could be an excuse, it would be of no aid to plaintiff, for he actually knew he did not have a title (deed) to the property.

We find no error in the former judgment of this court, and it is therefore ordered, adjudged, and decreed that the same be reinstated.