575 So.2d 872 (1991)
CITY BANK AND TRUST OF SHREVEPORT, Plaintiff-Appellant,
v.
Willard SCOTT, Jr., Defendant-Appellee.
No. 22192-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1991.
*873 Settle and Pitts by John E. Settle, Jr., Shreveport, for plaintiff-appellant.
Love, Rigby, Dehan, McDaniel & Goode by J. Philip Goode, Jr., Shreveport, for defendant-appellee.
Before MARVIN, C.J., and NORRIS and BROWN, JJ.
MARVIN, Chief Judge.
In this appeal of a judgment rejecting the plaintiff-seller's demands for specific performance by the defendant-purchaser under a written "Real Estate Purchase Contract," the one issue framed by the litigants is whether parol evidence is admissible to establish the thing or object of the contract which was described only as "Auction Property # 137" and then as "Vacant Land 21 Acres." The auction brochure advertised the property only as:
Property # 137Gilliam, LouisianaVacant Land 21 acrescall for directions.
We agree with the trial court that parol evidence was not admissible and affirm the judgment.
The law requires a sale or contract to sell immovable property to be in writing. Where the purchaser and the seller reciprocally consent in writing to the thing, the price and the terms under which immovable property shall be sold, either party may enforce specific performance. CC Art. 2462.
When the law requires a contract to be in written form, the contract may not be proved by testimony ... unless the written instrument has been destroyed, lost, or stolen. CC Art. 1832. Revision Comments 1984 state that Art. 1832 is new, but does not change the law, the principles and substance of which are derived from former CC Arts. 2275, 2278(4), 2279 and 2280.
This court has noted that there are cases in which parol or extrinsic evidence may be admitted to aid and identify immovable property described in a written contract to sell. Parol evidence has not been allowed, however, to wholly identify the immovable. Parol has been allowed only where the courts have found that there was "sufficient body" in the initial written description so as to leave the title to immovable property "resting substantially on writing and not essentially on parol." Jackson v. Harris, 18 La.App. 484, 136 So. 166, 169 (La.App. 2d Cir.1931).
The issue in Jackson, above cited, was whether parol was admissible. There Jackson gave Hale $600 for 40 acres in 1925 and obtained a written and signed receipt "in full payment of land ($600)" and went into possession. Parol evidence, which was objected to, showed that Jackson fenced and cultivated 11 acres and cut cross ties from timber on the remainder of the 40 acres from time to time for several years and, that during Hale's last illness, Hale told his niece, who had conveyed to him the land to sell to Jackson in 1925, that the property should not be included in Hale's estate in the event of his death. Hale died sometime before July 16, 1931, the date of the appellate opinion. In a slander of title action, Jackson sued Hale's heir who acquired the 40 acres in a partition of Hale's estate. The court noted:
... [I]f the parol evidence is admissible... the plaintiff should recover; but if the evidence should have been excluded, and the plaintiff is left standing upon the naked receipt, we are of the opinion that his case must fall. 136 So. at 167.
The rule in Louisiana then, and now, was stated, citing Kernan v. Baham, 45 La. Ann. 799, 13 So. 155 (1893). The court noted that the Kernan rule "prevails, with slight modifications, throughout the United States." 136 So. at 168. We shall attempt to paraphrase the rule:
To aid and establish identity of a defective or ambiguous description of an immovable property in a written contract, parol evidence is admissible only where the written, but defective, description distinguishes the property from other properties so as to allow the conclusion that the mutual or common intent of the parties to the writing was to deal with the particular property and not another property of the same kind or quantity. There should be sufficient substance in the written description in question so as *874 to leave the title to the immovable resting substantially on the writing and not on parol.
Kernan, supra, held that the initial description of "certain lands in St. Tammany Parish sold [on March 20, 1848] by the Union Bank to [Baham]," was "too general" and "could not serve as a basis upon which a title could be built up or eked out by parol." 13 So. at 159.
Lemoine v. Lacour, 213 La. 109, 34 So.2d 392 (1948), reiterated the Kernan rule, finding that the writing,
Received from Mr. Clifton Lemoine $35.00 for payment on place,
was not a sufficient base upon which to admit parol to establish the identity of immovable property and to require specific performance of the alleged written contract. In Langevin v. Howard, 363 So.2d 1209 (La.App. 2d Cir.1978), writ denied, we ruled the written description "use of driveway" also an insufficient base to allow parol.
On the other hand, Young v. Guess & Swanson, 115 La. 230, 38 So. 975 (1905), held that the sale of "Dixie Sawmill," by its owners, initially "carelessly drawn" and described as
One saw mill complete with all the attachments,... the lessee's right to all the land in which is owned or leased by the company, houses and lots, ... altogether with shops and take all things owned by the Dixie Lumber Co., that is in operation at the above date,
could be aided by "testimony ... to show the intention of the parties ..." and that it "was proper to admit the testimony ... to prove what property had been delivered to the buyer ... to be descriptive of the property transferred." 38 So. at 976. The court found that four houses and 200 acres of timber were included in the sale and had been pointed out to and thereafter possessed by the purchaser, according to the extrinsic and testimonial evidence by one or more of the selling partners. 38 So. at 976-977. In Tullis v. Aertker, 352 So.2d 415 (La.App. 3d Cir.1977), the court enforced specific performance on a 1963 written receipt for $100 "Down Payment House Esler Field, Bal 13 months @ $45.00, Unpaid Balance $6150.00, $55.00 Per Mo" where defendants placed and allowed plaintiff to remain in possession of the house and accepted $45 monthly payments from her for 12 years through November 1, 1955. Defendants contended on appeal that the receipt was ambiguous as to the sales price and method of payment and did not contain an adequate description of the property.
Where a defendant "confessed" the verbal sale to plaintiff of "five acres located in the SE corner of the SW quarter of the SW quarter, Section 27, Township 23 N, Range 9 W" and allowed plaintiff to go into possession in 1946, parol evidence was admitted to identify the five acres as being in the form of a square. Specific performance was ordered. See Sexton v. Waggoner, 66 So.2d 634 (La.App. 2d Cir.1953).
Similarly, these written descriptions have been held to be sufficient written bases upon which to allow parol to identify the immovable property:
124 Stella Street on grounds measuring 60 × 150, as per title. Walker v. Ferchaud, 210 La. 283, 26 So.2d 746 (1946), reversing the sustaining of exceptions of no cause of action and no right of action. [mineral rights under] parcels of property in Sections 43, 52, 53, 27 and 28, T2SR5E, Parish of St. Helena. Succession of Lindsey, 477 So.2d 148 (La.App. 1st Cir.1985), upholding a "sharing agreement" of minerals underlying tracts of land partitioned in kind between co-owners.
This court in Jackson, discussed supra, expressly "felt," but declined to resort to equitable considerations which would benefit Jackson, explaining:
[We] are not only constrained ... by an established jurisprudence, but by the possible consequences of such a precedent. The rule that every transfer of immovable property must be in writing was established by the Legislature to prevent the perpetration of fraud. If it should be held that the identity of the immovable subject of a transfer might be wholly shown by extrinsic evidence, it would *875 defeat the purpose of the statute and invite rather than avert fraudulent transactions involving real estate. The enforcement of the rule that there should be sufficient body in the description of the immovable property to leave the title resting substantially on writing and not essentially on parol may work a hardship occasionally, as in the instant case; nevertheless it is clearly our duty to enforce it.
This court held parol evidence was inadmissible. The trial court's judgment was reversed and judgment was rendered rejecting Jackson's demands. 136 So. at 168 169.

CONCLUSION
We hold the initial description in question here, vacant land, 21 acres, Gilliam, Louisiana, is too general and cannot serve as a base on which title to an immovable might be identified, "built up or eked out," by extrinsic and parol evidence. The Real Estate Purchase Contract upon which the plaintiff bank relies is not a sale or a contract to sell immovable property owned or used or occupied by a named thing, such as Dixie Sawmill in Young v. Guess & Swanson, supra.

DECREE
At appellant's cost, the judgment is AFFIRMED.