NORRIS, Judge,
concurring.
I reluctantly but respectfully concur in the result. I find that the two clauses of the partition agreement quoted in the opinion create an ambiguity regarding what interests in the parties’ businesses Mr. Williams was to receive as a result of the agreement. However, under the rationale set forth in City Bank and Trust of Shreveport v. Willard Scott, Jr., 575 So.2d 872 (La.App. 2d Cir.1991) decided and handed down by this court also on this date, I conclude that parol evidence is inadmissible to explain the ambiguity. In City Bank and Trust of Shreveport we stated:
This court has noted that there are cases in which parol or' extrinsic evidence may be admitted to aid and identify immovable property described in a written contract to sell. Parol evidence has not been allowed, however, to wholly identify the immovable. Parol has been allowed only where the courts have found that there was “sufficient body” in the initial, written description so as to leave the title to immovable property “resting substantially on writing and not essentially on parol.” Jackson v. Harris, 18 La.App. 484, 136 So. 166, 169 (La.App 2d Cir.1931). (emphasis added)
* * * * * *
The rule in Louisiana then, and now, was stated, citing Kernan v. Baham, 45 La.Ann 799, 13 So. 155 (La.1893). The court noted that the Kernan rule “prevails, with slight modifications, throughout the United States.” [13 So.] p. 168. We shall attempt to paraphrase the rule: *572 To aid and establish identity of a defective or ambiguous description of an immovable property in a written contract, parol evidence is admissible only where the written, but defective, description distinguishes the property from other properties so as to allow the conclusion that the mutual or common intent of the parties to the writing was to deal with the particular property and not another property of the same kind or quantity.
There should be sufficient substance in the written description in question so as to leave the title to the immovable resting substantially on the writing and not on parol.
In City Bank we concluded, based on the above cited authority, that a description in a Real Estate Purchase Contract that read “Auction Property # 137, Vacant Land 21 acres” was too general to serve as a base on which title to an immovable might be identified by extrinsic and parol evidence.
Accordingly, based on City Bank and Trust of Shreveport, and noting that Ann Olive Williams does not agree or admit that her husband was to receive the disputed immovable property in the act of partition, I must conclude that the “description” relied on by plaintiff herein, which never mentions immovable property, real estate or land, is too general to serve as a base on which title to the immovable tracts at issue might be “identified, built up or eked out” by extrinsic and parol evidence.
The result reached in this case is, in my opinion, inequitable. However, as we stated in City Bank and Trust of Shreveport:
[We] are not only constrained ... by an established jurisprudence, but by the possible consequences of such a precedent. The rule that every transfer of immovable property must be in writing was established by the Legislature to prevent the perpetration of fraud. If it should be held that the identity of the immovable subject of a transfer might be wholly showed by extrinsic evidence, it would defeat the purpose of the statute and invite rather than avert fraudulent transactions involving real estate. The enforcement of the rule that there should be sufficient body in the description of the immovable property to leave the title resting substantially on writing and not essentially on parol may work a hardship occasionally, as in the instant case; nevertheless it is clearly our duty to enforce it.