*582 ON APPLICATION FOR REHEARING
Before MARVIN, C.J., and SEXTON, NORRIS, LINDSAY and HIGHTOWER, JJ.
MARVIN, Chief Judge,
on rehearing:
On rehearing granted to reconsider the law to be applied to the factual circumstances which are fully set forth in the prior opinions by each of the judges on the three-judge appellate panel, we reverse and render judgment for Mr. Williams. The facts will not be repeated except where necessary to explain the disposition by this five-judge rehearing panel.
In City Bank and Trust v. Scott, 575 So.2d 872 (La.App. 2d Cir.1991), the bank sought to enforce a contract to sell “vacant land, 21 acres, Gilliam, Louisiana.” We held that parol evidence was not admissible to supply the description of the land because the law required such a contract to be in writing (CC Art. 2462) and precluded proof of the contract by testimony (CC Art. 1832). We noted, however, that even where a contract to sell is at issue, parol evidence is sometimes admissible to identify the property that is ill-described in the contract if the resulting title can be said to rest “substantially on the writing and not on parol.” 575 So.2d at p. 874.
An omnibus provision in a deed, or a contract to sell, is sufficient to effectively transfer an immovable between the parties, while not sufficient to affect third persons. Williams v. Bowie Lumber Co., 214 La. 750, 38 So.2d 729 (1948). The description in the contract to sell in City Bank, supra, was not an omnibus provision.
In this appeal, we are concerned only with whether the partition of the former community between Mr. and Mrs. Williams contains a limited omnibus provision sufficient to allow parol evidence to prove the intent of the parties regarding disposition of known co-owned immovable properties.
Our original opinions cited the several cases where an omnibus provision between partitioned of property that includes immovable property has been deemed to effectuate a transfer of un- or ill-described immovable property. Each case, of course, must rest on its own facts. The principle is upheld in cases involving partitioning co-owners even though no reference is made to immovable property or the immovable is not described sufficiently to fulfill the requirements for a sale or a contract to sell an immovable. See Valvoline Oil Company v. Krauss, 335 So.2d 64 (La.App. 3d Cir.1976); Bean v. Bean, 484 So.2d 246 (La.App. 3d Cir.1986). In Bean, e.g., the former husband and wife-partitioners simply dealt with “claims” to “marital property” without mentioning mineral interests (immovable property in Louisiana). The reference to claims to marital property, while not a description of any sort, was there held sufficient as an omnibus provision to divest the wife of mineral rights formerly owned by the community in Louisiana. 484 So.2d at p. 249.
For the reasons Attorney Fish explained, which are set forth in the dissent to the original opinion, the contract he drew to partition the former Williams community was intended to convey to Mr. Williams everything connected with the businesses, including the two immovable properties those businesses had long occupied and improved, and continued to occupy and improve after the partition, without regard to the technical niceties of record ownership. To this extent the contract in question contains a limited omnibus provision.
Mrs. Williams was protected by the partition drawn by Attorney Fish to the extent that she could enforce her right to receive or recover mineral rights under unde-scribed co-owned properties, even properties she did not know about. Conversely, Mr. Williams, in our opinion, is allowed to enforce his right to receive or recover un-described co-owned immovable business properties (the two undescribed tracts in question) long occupied and improved by the community businesses, on which tracts Mrs. Williams actively worked during the marriage.
DECREE
For the reasons expressed herein, as amplified by the dissent to the original opinion *583 rendered by the three-judge panel, the judgment of the trial court is reversed and judgment is hereby rendered declaring that the community property settlement agreement dated October 25, 1978, between Ann Olive Williams and Dewey E. Williams (1) intended to, and did, convey to Dewey E. Williams the following two tracts of immovable property:
TRACT A
That part of the Northeast Quarter of the Northeast Quarter of the Northwest Quarter (NE/4 of NE/4 of NW/4) of Section 10, Township 23 North, Range 11 West, Webster Parish, Louisiana, lying South of the Springhill-Plain Dealing Highway, together with all improvements thereon; and
TRACT B
Three acres in the NE/4 of NW/4 of Section 24, Township 17 South, Range 21 West, Columbia County, Arkansas, described as follows:
Commencing at the Southeast Corner of the NE/4 of NW/4 of Section 24, Township 17 South, Range 21 West, thence run South 89°54' West 261.40 feet, thence run North 0°18' West 431.31 feet, thence run North 83°40' East 231.3 feet, thence run North 10°20' West 50 feet, thence run South 83°40' West 232.11 feet, thence run South 73°40' West 144 feet, thence run South 83°40' West 424.08 feet to the point of beginning: thence run North 83°40' East 385 feet, thence North 0°26' West 340 feet, thence South 83°40' West 385 feet, thence South 0°26' East 340 feet to the point of beginning, containing three (3) acres, more or less; and
(2) intended to, and did, obligate Ann Olive Williams to cooperate with Dewey E. Williams “to fully perfect record title and ownership to each of the properties allotted to him ... herein,” including Tract A and Tract B, above described.
Costs are assessed to Mrs. Williams.
REVERSED AND RENDERED.
NORRIS, J., dissents for reasons originally assigned.
HIGHTOWER, J., dissents for reasons assigned in original opinion.