707 So.2d 127 (1998)
Roger A. WILSON, Plaintiff-Appellee,
v.
Gary Allen HEAD, Defendant-Appellant.
No. 97-992.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
Rehearing Denied April 3, 1998.
*128 James Guenard Bethard, Coushatta, for Roger A. Wilson.
James Ward Davis, Shreveport, for Gary Allen Head.
Before DOUCET, C.J., and PETERS and SULLIVAN, JJ.
DOUCET, Chief Judge.
This is an appeal from a judgment enforcing a buy-sell agreement between the parties.
In March 1995, Wilson agreed to sell and Head agreed to buy 4.87 acres of land in Many, Louisiana. About two weeks after they executed the contract, Head notified Wilson of his intention to withdraw from the agreement. Head indicated that he was unable to obtain a loan to finance the purchase. Wilson sued for specific performance of the agreement.
The trial court rendered judgment ordering specific performance of the contract. The trial court ordered payment of $175,053.35 by Head to Wilson and the transfer of title to the property to Head by Wilson, subject to "[a]ny existing mortgages, judgments, liens or other encumbrances that may have been placed on the ... land by ROGER A. WILSON." Head appeals.

MOTION TO SUPPLEMENT THE RECORD
Head has moved to supplement the record with matters not part of these proceedings. We deny the motion. "Documents not placed in evidence and issues not brought before the trial court cannot be considered on appeal. The court of appeal has no jurisdiction to receive new evidence. Sutton v. Montegut, 544 So.2d 1181, 1184 (La. App. 5 Cir.1989)." Phillips v. Space Master Int'l, Inc., 96-877, p. 5 (La.App. 5 Cir. 5/14/97); 696 So.2d 64, 68.

IS THE PROPERTY DESCRIPTION ADEQUATE?
The Defendant asserts that the property description in the buy-sell agreement was so vague as to render the contract unenforceable. He further argues that the trial court erred in allowing the introduction of parole evidence to identify the property. The Defendant does not argue that he was misled or defrauded in any way by the inadequacy of the property description. It is clear from his deposition testimony that he was aware of the location of the property and was sure of the property intended to be conveyed. Nor does he argue that the parole evidence introduced describes any other property than that he intended to purchase. His argument concerns the technical requirement of an adequate property description in conveyances of real property.
Our reading of the jurisprudence convinces us that, as is the case with other ambiguous provisions of a contract, evidence outside the agreement may be admitted to clarify an otherwise inadequate property description.
Agreements legally entered into have the effect of law upon the parties thereto, and courts are bound to give legal effect to these agreements according to the true intent of the parties; that intent is to be determined by the words of the agreement itself when they are clear, explicit and lead to no absurd consequences. LSA-C.C. arts.1983, 2045 and 2046; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Hood v. Ashby Partnership, 446 So.2d 1347 (La.App. 1st Cir.1984).
For a deed to be translative of title to real estate, it must contain such a description as to properly identify the property. Snelling v. Adair, 196 La. 624, 199 So. 782 (1940). However, if a portion of the description is either erroneous or misleading, it is nevertheless susceptible of conveyance if the property intended to be conveyed by the parties can be ascertained with certainty by the aid of such extrinsic evidence as is admissible under the rules of evidence. Agoff v. Boutte, 420 So.2d 1168 (La.App. 5th Cir.1982).
*129 Amoco Prod. Co. v. Slaughter, 491 So.2d 760, 763 (La.App. 1 Cir.), writs denied, 494 So.2d 333, 540, 541 & 542 (La.1986). See also Placid Oil Co. v. Young, 246 So.2d 306 (La. App. 3 Cir.), writ refused, 259 La. 56, 249 So.2d 201 (1971); Citizens Nat. Bank v. Nat'l Union Fire Ins. Co., 597 So.2d 1130 (La.App. 1 Cir.1992). Head cites City Bank & Trust v. Scott, 575 So.2d 872 (La.App. 2 Cir.1991) for the proposition that a court may not compel specific performance where a conveyance does not contain a specific property description. However, the court in City Bank, 575 So.2d at 873-874 cited Jackson v. Harris, 18 La.App. 484, 136 So. 166, 169 (La.App. 2 Cir.1931), as follows:
The rule in Louisiana then, and now, was stated, citing Kernan v. Baham, 45 La.Ann. 799, 13 So. 155 (1893). The court noted that the Kernan rule "prevails, with slight modifications, throughout the United States." 136 So. at 168. We shall attempt to paraphrase the rule:
To aid and establish identity of a defective or ambiguous description of an immovable property in a written contract, parol evidence is admissible only where the written, but defective, description distinguishes the property from other properties so as to allow the conclusion that the mutual or common intent of the parties to the writing was to deal with the particular property and not another property of the same kind or quantity. There should be sufficient substance in the written description in question so as to leave the title to the immovable resting substantially on the writing and not on parol.
The buy-sell agreement describes the property as "the property located at Municipal Address: __________, City Many, Parish Sabine, Louisiana, Legal description 4.87 acres on Hwy 6, see attached plat...." The plat, which is attached to this opinion as Appendix A, shows only the dimensions of the property and that it is located somewhere on Highway 6. The plat does not show landmarks or adjacent property owners. While not entirely clear, this description is sufficient to "allow the conclusion that the mutual or common intent of the parties to the writing was to deal with the particular property...." Therefore, we conclude that the trial judge did not err in allowing the admission of extrinsic evidence to clarify the property description.
At trial the Plaintiff introduced into evidence the act of sale whereby he acquired the property. The Defendant made no objection to its introduction. The act of sale contains a complete legal description of the property. We conclude that, considering the evidence, the description is sufficient to support the validity of the buy-sell agreement.

WAS HEAD ABLE TO OBTAIN FINANCING?
The Defendant asserts that the trial judge erred in ordering specific performance where he was unable to obtain financing. He argues that, because he was unable to obtain financing on the terms he sought, the buy-sell agreement is null and unenforceable by its own terms.
The agreement contains the following provision:
(C) TERMS: This subject to the following term: ... X Conventional Loan;.... The application shall be for a loan of no greater than 80% of the purchase price.

Purchaser agrees to make good faith application for said loan within 5 working days of acceptance of this offer, and Purchaser warrants that he/she has the necessary funds for down payment, closing cost and/or prepaid items. Purchaser's failure to either apply for said loan or to have the stated down payment shall not void this contract, but shall be considered a breach hereof. If purchaser is unable to obtain said financing, this sales agreement shall be null and void, all parties hereto released and the deposit refunded.
Head testified that he applied for a loan. The lending institution offered him financing at a floating interest rate and asked that he obtain life insurance to pay the debt in case of his death. Head refused the loan because he wanted only fixed rate financing. He argues that his inability to get financing on the terms he wanted should void the agreement. *130 However, as we stated above, we are bound to give legal effect to the terms of the agreement where they are "clear, explicit and lead to no absurd consequences." Amoco, 491 So.2d at 763. In this case the agreement was conditioned on Head's ability to obtain financing. Head introduced no evidence to suggest that the terms of the loan offered him were unreasonable or onerous. Nothing in the agreement limits the financing to a particular type of loan or interest payment.[1] Therefore, Head cannot unilaterally change the terms of the agreement to require performance on his part only if he obtains the financing of his choice. Accordingly, we find no error in the trial court's determination that Head did obtain financing and was, as a result, required to buy the property.

SHOULD THE PROPERTY BE TRANSFERRED SUBJECT TO ALL EXISTING LIENS?
Finally, we consider the Defendant's contention that the trial judge erred in ordering that the property be transferred to him subject to subject to "[a]ny existing mortgages, judgments, liens or other encumbrances that may have been placed on the ... land" by Wilson.
The agreement provides that "[a]ll improvement liens and assessments, as well as any other lien of any kind, bearing against the property at the time of Act of Sale shall be paid by the Seller."
By the clear terms of this agreement, Wilson is required to deliver a clear title to the property to Head. Insofar as the judgment of the trial court relieves Wilson of this obligation, it is reversed.

CONCLUSION
For these reasons, the judgment of the trial court is reversed as far as it relieves Wilson of his obligation to provide Head with a clear title to the property made the subject of this litigation. In all other respects, we affirm the judgment of the trial court. Costs of this appeal are to be paid one-third by Wilson and two-thirds by Head.
AFFIRMED IN PART AND REVERSED IN PART.
*131 
NOTES
[1] Our reading of the jurisprudence convinces us that limitations on the type of financing to be obtained are enforceable where included in a buy-sell agreement. See, e.g., Meaux v. Adams, 456 So.2d 670 (La.App. 5 Cir.1984).