251 So.2d 68 (1971)
James J. DESELLE, Plaintiff and Appellee,
v.
Paul Dowdy BONNETTE, Defendant and Appellant.
No. 3404.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1971.
Rehearing Denied August 16, 1971.
Writ Refused October 18, 1971.
*69 Peggy Lynn Perkins, offices of Charles Riddle, Jr., Marksville, for defendant-appellant.
Knoll & Knoll, by Jerold E. Knoll, Marksville, for plaintiff-appellee.
Before FRUGÉ, CULPEPPER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
This is a petitory action. From an adverse judgment, defendant appealed.
Plaintiff alleges in his petition, and defendant admits, that defendant is in possession of the disputed property. The issue is whether plaintiff has sustained his burden under LSA-C.C.P. Article 3653(1) to "make out his title" against a defendant in possession.
In dispute is plaintiff's title to a narrow strip of land, approximately 65 feet in width and 600 feet in length. This strip is located between the old and the new routes of the highway which runs generally north and south from Marksville to Hessmer and thence on to Bunkie. The new highway is west of and approximately parallel to the route of the old one.
The plaintiff, James J. Deselle, is the owner of a 12-acre tract of land which fronted on the east side of the old highway, which was abandoned in about 1920. The strip in dispute lies between plaintiff's land and the new highway.
The defendant, Paul D. Bonnette, is the owner of the property on the west side of the new highway, across from the strip in dispute. Defendant contends the strip is included in his title and that he and his ancestors in title have been in possession for many years.
Previous to 1911, the property of plaintiff, the property of defendant and the strip in dispute were part of a 48-arpent tract owned by Alcide A. Chatelain on both sides of the old highway. In 1911, Chatelain sold the 12 acres lying east of the old highway to Marius Deselle, plaintiff's ancestor in title. In 1916, Chatelain sold the 36 acres lying west of the old Marksville-Hessmer highway to Isaac Gauthier, defendant's ancestor in title. When the old highway was abandoned in about 1920, the new highway was located approximately 65 feet west of the previous route. The strip of land between the old and new highways is that which is in dispute.
Plaintiff's chain of title from the common author is as follows:
(1) Sale from Alcide A. Chatelain to Marius Deselles on September 30, 1911 conveying "about 12 arpents, more or less; and being all the lands *70 belonging to vendor on the east side of the public road leading from Marksville to Bunkie."
(2) Act of exchange on September 27, 1926 from Marius Deselles to Wade Deselles conveying "12 arpents and being all the land belonging to the vendor on the east side of the public road leading from Marksville to Bunkie * * * being the same acquired by the vendor herein from Alcide A. Chatelain * * *" (No mention is made of the fact that the highway location was changed in 1920.)
(3) Sale on February 1, 1945, from Wade J. Deselles to James Deselles conveying an undivided one-half interest in "12 acres, more or less, bounded * * * and west by public road, said property having been acquired by vendor during the existence of the community of acquets and gains between him and Lonie McCoy, now deceased, and the other undivided half interest presently belonging to purchaser herein, he having inherited same from the estate of his deceased mother, the said Lonie McCoy."
As shown by plaintiff's above delineated chain of title, Marius Deselle acquired in 1911 only 12 arpents lying east of the old Marksville-Bunkie road, which was abandoned in about 1920. Hence, in the exchange in 1926, Marius Deselle conveyed to Wade Deselle valid title to only the 12 acres lying east of the old abandoned highway and did not convey valid title to any portion of the strip in dispute which lies west of the old abandoned highway.
Since Wade Deselle did not acquire valid title to any portion of the strip in dispute, he could not convey valid title to an undivided one-half interest in the strip to the plaintiff, James Deselle, in the 1945 sale.
As to the undivided one-half interest which plaintiff contends he inherited from his mother, Mrs. Lonie McCoy Deselle, there is no other proof in the record of the title to this interest except the statement in the 1945 deed from Wade Deselle to James Deselle. Under this statement, plaintiff's mother's title was no more extensive than that of his father and did not include the strip in dispute. Hence, there is not sufficient proof that plaintiff has valid title to an undivided one-half interest in the strip through inheritance from his mother.
LSA-C.C.P. Article 3653 provides:
"To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
"(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
"(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof."
Comment (a) under Article 3653 states that the words "make out his title" are taken from Article 44 of the Code of Practice, and are intended to have the same meaning as given to them under the jurisprudence interpreting the source provision. Jurisprudence under Code of Practice Articles 43 and 44 establishes the rule that in a petitory action against a defendant in possession the plaintiff must make out his title to the property claimed and must recover upon the strength of his own title and not upon the weakness of the defendant possessor's, Blevins v. Manufacturer's Record Publishing Co., 235 La. 708, 105 So. 2d 392 (1957) and the cases cited therein. Furthermore, in such an action defendant's title is not at issue until plaintiff has proved an apparent valid title in himself, Albritton v. Childers, 225 La. 900, 74 So.2d 156; Cook v. Martin, 188 La. 1063, 178 So. 881. Where both plaintiff and defendant trace their titles to a common author, plaintiff is not required to prove his title beyond the common author, Gaylord Container Corp. *71 v. Stilley, 79 So.2d 109 (La.App., 1st Cir. 1955) and the cases cited therein.
Applying LSA-C.C.P. Article 3653 and the cited jurisprudence to the present case, it is obvious that plaintiff has not proved a valid title under the chain of conveyances delineated above. Furthermore, plaintiff does not seek to establish ownership by acquisitive prescription. Hence, it is clear that plaintiff has not proved a valid title as against the defendant who is in possession.
The district judge recognized that plaintiff did not prove a valid title back to the common author. However, he held that under the facts of the present case the plaintiff need only establish a better title than the defendant. In so holding, the court relied on cases decided before the adoption of the new Code of Civil Procedure in 1960, which held that if the defendant in a petitory action has possession without a title translative of ownership, the plaintiff need only establish a better title than defendant, Kernan v. Baham, 45 La.Ann. 799, 13 So. 155 (1893); In re St. Vincent de Paul Benevolent Association of New Orleans, 175 So. 140 (Orl.App.1937);[1] Peters v. Crawford, 185 So. 716 (La.App., 2d Cir. 1939); Booksh v. New Iberia Sugar Company, 115 La. 516, 39 So. 545 (1905). See also Hutton v. Adkins, 186 So. 908 (La. App.1939); Griggs v. Martin, 170 So. 355 (La.App.1936); Mower v. Barrow, 16 La. App. 227, 133 So. 782 (1931); and Zeringue v. Williams, 15 La.Ann. 76 (1860).
Applying this jurisprudence to the present case, the district court held that the defendant, Paul Bonnette, had no title translative of ownership since his 1943 deed of acquisition from J. Ledoux Bonnette described the property as "located on the Marksville-Hessmer blacktopped highway, and containing 36 acres, more or less, and described as being bounded * * * east by said highway leading from Marksville to Hessmer * * *" The district court reasoned that since the old highway, abandoned in 1920, was never blacktopped, the highway referred to is necessarily the new highway which is blacktopped, and therefore defendant's title does not cover any portion of the strip in dispute located east of the new highway route. The district judge then went on to hold that since plaintiff's deed of acquisition from Wade Deselle in 1945 did cover the strip in question and defendant's 1943 deed of acquisition did not, plaintiff had a better title than defendant.
Although the district judge's position is respectable, it is our view that the jurisprudence on which he relies has been legislatively overruled by the new Code of Civil Procedure, LSA-C.C.P. Articles 3651-3653 are new and make important procedural changes in the real actions which existed under the prior Code of Practice and the jurisprudence. See Yiannopoulos, La. Civil Law of Property, Sec. 137; McMahon, Changes Made by the New Code of Civil Procedure Relating to the Real Actions, 21 La.Law Review 1, 46; Johnson, Procedural Changes Made by the New Code of Civil Procedure, 35 Tul.Law Review 541.
Under Article 43 of the Code of Practice, it was required that the petitory action be brought "against the person who is in the actual possession of the immovable." Jurisprudence developed the "action to establish title" where neither plaintiff nor defendant were in possession, and there was a conflict in the cases as to whether plaintiff's burden in such an action was to prove a valid title or simply to prove a better title than defendant. See LSA-C.C. P. Article 3653, Official Revision Comment (b). The Code of Civil Procedure broadens the petitory action to include both the prior petitory action and the action to establish title. Under Article 3651 the petitory action is brought "by a person who claims *72 the ownership, but who is not in possession, of immovable property or of a real right, against another who is in possession or who claims the ownership thereof adversely."
Under the Code of Civil Procedure, defendant's possession, or lack of it, determines the burden of proof imposed on the plaintiff in a petitory action. Article 3653 provides that if the defendant is in possession plaintiff must "make out his title", but if the defendant is not in possession the plaintiff need prove only a better title than the defendant. The relevant possession is defined in Article 3660 as "corporeal possession * * * or civil possession * * preceded by corporeal possession." No distinction is made between the situation where defendant possesses without a title translative of ownership and the situation where the defendant possesses with such a title. Hence, it is our view that the prior jurisprudence making this distinction, and on which the trial judge relied, is no longer a part of our law.
Of course, comment (a) under Article 3653 indicates that the words "make out his title" are intended to have the same meaning as given to them under the jurisprudence interpreting the source provision. But, apparently, the redactors were thinking of the mainstream of jurisprudence rather than of technical exceptions. Be that as it may, the comment is not a part of the text and cannot be taken to establish exceptions when the text establishes none. From the viewpoint of policy considerations, there might be some merit to the idea that a person with a defective title ought to prevail over a possessor who has no title at all. But if such an exception were allowed to prevail in the light of the text of Article 3653(1), which is clear and unambiguous, a chaotic situation would arise. The burden of proof would no longer be allocated in the light of the defendant's possession as Article 3653(1) and (2) requires.
Having concluded that plaintiff's petitory action must be dismissed, we do not reach the question of defendant's title. Our jurisprudence is established that in a petitory action against a defendant in possession the title of the defendant is not at issue until plaintiff has proved a valid title in himself, Dupuy v. Shannon, 136 So.2d 111 (3rd Cir.1961) and the authorities cited therein.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Paul Dowdy Bonnette, and against the plaintiff, James J. Deselle, rejecting plaintiff's demands. All costs in the lower court, as well as the costs of this appeal, are assessed against the plaintiff appellee.
Reversed and rendered.

ON PLAINTIFF'S APPLICATION FOR A REHEARING
In an application for rehearing, plaintiff contends we erred in stating that he did not seek to establish ownership by the acquisitive prescription of ten years. We have again carefully reviewed the record and find that in his original petition, denominated "Possessory Action", plaintiff did allege ownership by the acquisitive prescriptions of ten and thirty years. But he also alleged possession and sought to improperly cumulate the petitory and possessory actions, in contravention of LSA-C.C.P. Article 3657. Following an exception by defendant, which was sustained by the district court, plaintiff filed a supplemental petition, denominated "Petitory Action", in which he struck all allegations of ownership by acquisitive prescription and relied entirely on recorded title.
Hence, plaintiff's allegations were not sufficient to admit evidence of ownership by acquisitive prescription. Furthermore, during the trial of the case the pleadings were not enlarged, since counsel for both plaintiff and defendant objected to the admission of any evidence of possession for the purpose of showing ownership by acquisitive *73 prescription. In his written opinion, the trial judge shows that he clearly understood the evidence of possession was not admitted for the purpose of proving acquisitive prescription.
The trial judge and counsel for both plaintiff and defendant clearly understood this. In plaintiff's own brief, filed on the original hearing in this court of appeal, he states "The court heard much testimony and evidence from each side as to their possession and lack of possession by both sides, each contending that their possession was without the permission or consent of the other. This testimony and evidence cannot be used for the purpose of establishing ownership or to keep one in possession of said property since this is a petitory and not a possessory action." (Emphasis supplied)
We find no merit in plaintiff's application for a rehearing. Accordingly, it is denied.
NOTES
[1] As we understand this case, it involved an action to try title rather than a petitory action.