284 So.2d 608 (1973)
PURE OIL COMPANY, Plaintiff-Appellee,
v.
Henry Carl SKINNER et al., Defendants-Appellees, and
W. Clayton Simonton et al., Defendants-Appellants.
No. 12085.
Court of Appeal of Louisiana, Second Circuit.
May 30, 1973.
On Rehearing October 10, 1973.
Writ Granted November 21, 1973.
*609 Shuey, Smith & Carlton by John M. Shuey, Shreveport, for defendants-appellants.
Hargrove, Guyton & Van Hook by Ray A. Barlow, Shreveport, for plaintiff-appellee.
Holloway, Baker, Culpepper, Brunson & Cooper by Bobby L. Culpepper, Jonesboro, for defendants-appellees.
Before AYRES, BOLIN and PRICE, JJ.
*610 BOLIN, Judge.
Henry Carl Skinner, et al and J. S. Simonton, et al, claim ownership of approximately one and one-half acres of land in Lincoln Parish, Louisiana. Pure Oil Company obtained an oil, gas and mineral lease covering the disputed tract from both sets of claimants. After the tract was included in a unit by order of the Louisiana Department of Conservation and production of gas and condensate secured, Pure Oil deposited the royalties attributable to the disputed tract in the registry of the court and cited both sets of claimants to assert their respective interests in this concursus proceeding. For written reasons the trial judge found the Skinners owned the land and minerals and, from a formal judgment signed pursuant to his opinion, the Simonton claimants appeal. We affirm the judgment of the lower court.
It has been stipulated the correct description of the property in contest is as follows:
One and one-half acres, more or less, situated in the southeast corner of the Southwest Quarter of the Northwest Quarter, Section 32, Township 19 North Range 3 West, Lincoln Parish, Louisiana, the said one and one-half acres, more or less, being that portion of said forty lying south of Claiborne Road and east of the Old Settlement Road.
The case involves two chains of title and each group of claimants has filed its respective chain of title to the ownership of the property. The Skinners claim title through entry by Charles M. Cawthoon in 1858 from the United States government. There is no record of the issuance of a patent or divestiture of title from the public domain but counsel for the Simontons, in a brief appearing in this record, concede that the separation of the land from the sovereign is not at issue. Even in the absence of this concession it is obvious the Simontons are not in a position to urge this defense as their claim is based entirely upon prescription.
In February 1874 the entire forty acres within which the property in dispute lies, along with other land, was transferred from Jeremiah Payne to Elizabeth J. Colvin. The record title of the Skinner claimants derives from the above Colvin deed without a break.
The record title of the Simontons originates from a deed in 1880 from William G. Sikes to James W. Simonton. In that deed there is conveyed to Simonton a large tract of land including "1½ acres situated in the SE corner of the SW¼ of the NW¼ Sec. 32, T. 19 North, R. 3 West", without any definitive description of bounds or actual location within the quarter section.
It is obvious the oldest record title to the property, i. e., to the entire forty acres as well as the one and one-half acres, is in the Skinner claimants. Any title asserted by the Simonton claimants must rest upon prescription. In that connection the Simontons have pleaded acquisitive prescription of ten and thirty years. The contention of the Simonton heirs is that they should be permitted to show there was a public road and a settlement road in the area of the southeast corner of the Southwest Quarter of the Northwest Quarter which were intended to be the north and west boundaries of the one and one-half acres.
The plea of prescription of ten years is governed by Louisiana Civil Code Articles 3478 through 3498. The Simontons correctly contend that the law does not require that a deed to support prescription of ten years must contain such a description that the land can be identified without reference to other admissible evidence. However, the other "admissible evidence" to be referred to must be another recorded instrument such as any deed, map, plat, patent, survey or boundary by which the description may be ascertained. Civil Code Article 3478 provides one may acquire an immovable "in good faith and by just title" if he has the necessary possession for a period of ten years. It is not disputed the *611 Simontons were in good faith and possessed a portion of the property for a period of ten years, but the crucial question is whether this possession was by "just title".
Article 3479 of the Civil Code requires "a title shall be legal, and sufficient to transfer the property." Article 3483 declares that to support a prescription of ten years "a legal and transferrable title of ownership in the possessor is necessary; that is what is called in law a just title."
To support the plea of prescription of ten years, Article 3486 requires that "the title be certain; thus every possessor, who can not fix exactly the origin of his possession, can not prescribe."
The Simontons, in support of their contention that the deed, whereby they originally acquired the one and one-half acres, was sufficient to form the basis of a plea of ten-year prescription because the property could have easily been identified and located, cite Leader Realty Co. v. Taylor, 147 La. 256, 84 So. 648 (1920) and Snelling v. Adair et al., 196 La. 624, 199 So. 782 (1941). Our study of the cited cases convinces us they do not support appellants' contention. To the contrary, they hold the property must be sufficiently described so as to transfer its ownership; in other words, one must be able to identify and locate the property from the description in the deed itself or from other evidence which appears in the public records. For example, in Leader Realty Company a plea of prescription of ten years was sustained upon a finding that the land could be identified by reference to other records which were on file. In Snelling the court held:
"It is a settled rule of law in this state that if a portion of the description of property in a deed is either erroneous or misleading, it is nevertheless susceptible of conveyance if the property intended to be conveyed by the parties can be ascertained with certainty by the aid of such extrinsic evidence as is admissible under the rules of evidence. . . ."
In that case the property was described by boundaries which were readily ascertainable, whereas in the instant case no boundaries are described in the deed. Describing property as being located in the southeast corner of a quarter section means nothing. If it had been recited that the property was in the shape of a square, or was bounded on all sides by certain markings, or was described with reference to other matters of public record, the description might have been sufficient. Since the description in the original deed was insufficient to permit identification of the one and one-half acres, there was no way for the property to be acquired by prescription of ten years either by actual possession, tacking onto other possession, or civil possession.
The rules governing the acquisition of property by prescription of thirty years are set forth in Louisiana Civil Code Articles 3499 through 3504. Ownership of immovables is prescribed for by the possession thereof as owners for thirty years without the need of title or possession in good faith, but this possession is required to be continuous, uninterrupted, public and unequivocal. Actual corporeal possession is necessary for the beginning of thirty-year prescription, as well as ten-year prescription, the difference being that in the case of ten-year prescription once actual, corporeal possession has been commenced under a deed translative of title it may be continued by fictitious or civil possession, whereas the possession necessary for thirty-year prescription requires external and public signs to preserve the possession and continue the running of prescription. Civil Code Articles 3501, 3502 and McCluskey v. Meraux & Nunez, 186 So. 117 (La.App.Orl. Cir. 1939reinstated 188 So. 669).
Civil Code Article 3502 provides possession of land is sufficient "so long as there remains on it any vestiges of works erected by him, as for example, the ruins of a house." This article has reference to such vestiges or public signs as would denote the possessor's intention to preserve *612 the property and would challenge the attention of others. Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952); John T. Moore Planting Co. v. Morgan's Louisiana & T. R. & S. S. Co., 126 La. 840, 898, 53 So. 22 (1910).
Numerous witnesses testified but we deem it unnecessary to outline the testimony of each witness, most of whom were of advanced age and were or had been familiar with the property for a number of years. The Simontons' residence was located on forty acres adjoining the property in dispute. Some of the witnesses recalled that on the tract in question there was an old spring, near which, at one time, there was a small tenant house; that the Simontons had used the spring to wash clothes and had utilized the house as servant's quarters for Sally Bell.
A road (then known as the Wire Road and now as Claiborne Road) traversed the property from the east boundary of the Skinners' forty acres in a northwesterly direction. There was testimony that there was a trail, sometimes used as a wagon road, leading south from the Wire Road. The area thus bounded on the north by the Wire Road, on the west by the trail, and on the south and east by the boundary lines of the forty-acre tract, contained between one and three acres of land. The Simontons, by the testimony of witnesses, attempted to show this small tract was at one time enclosed by a rail fence, a portion of which was later replaced by a barbed wire fence. However, we do not think the evidence supports this contention nor that any vestige of such a fence remained on the property so as to preserve the running of thirty-year prescription.
The evidence does not satisfy us the Simontons actually possessed the property for the required period. While there is some testimony to the contrary, we find corporeal possession extended only to the tenant house and the use of the spring; an undefined small area around the house; and that this possession coupled with the vestiges or public signs of the old house and segment of rail fence did not continue for a period of thirty years. The first time the property was completely fenced in was in 1947. Since that time the Simontons have possessed the property, but this suit was filed in 1961. The trial court correctly held the plea of prescription of thirty years was without merit.
Counsel for the Simontons specified the lower court erred, "in finding that the issue to be determined was whether the Skinners or the Simontons had the better title to the disputed tract." We do not know whether this was the basis of the lower court's decision or not, nor do we pass on whether such a finding would have been improper in a concursus proceeding. We are satisfied the Skinners have made out a title in themselves and the Simontons have failed to make out a prescriptive title. It does not seem to us that it is a question of who has the better title since the Skinners have a good title and the Simontons have none.
For the reasons assigned the judgment of the lower court declaring Henry Carl Skinner and Henry Carl Skinner, Jr., entitled to all funds deposited in the registry of the court by plaintiff, Pure Oil Company, is affirmed. Further, we affirm the judgment decreeing that Henry Carl Skinner and Henry Carl Skinner, Jr., are the owners of the following described property:
One and one-half acres, more or less. situated in the southeast corner of the Southwest Quarter of the Northwest Quarter, Section 32, Township 19 North. Range 3 West, Lincoln Parish, Louisiana, the said one and one-half acres, more or less, being that portion of said forty lying South of Claiborne Road and East of the Old Settlement Road.
It is further ordered that appellants are cast for all costs.
Before AYRES, BOLIN, PRICE, HALL and WILLIAMS, JJ.

ON REHEARING
PRICE, Judge.
We granted a rehearing in this matter to reconsider the sufficiency of the Skinner claimant's proof of title to the property in *613 dispute. Our views on the issues relating to the failure of the Simontons to prove ownership by ten or thirty years acquisitive prescription remain unchanged.
The original opinion correctly sets forth the recorded chain of title relied on by the Skinners and the apparent gap therein. The abstract of recorded instruments introduced in evidence by the Skinner claimants does not reflect a patent was ever issued by the United States Government to the original entryman, Charley M. Cawthoon, who filed his certificate of entry on May 10, 1858. Nor does the record show any conveyance from Cawthoon to Jeremiah Payne, who conveyed the entire quarter section to Elizabeth Colvin under a deed recorded February 17, 1874. From this date forward the Skinners have a complete recorded chain of conveyances to the subject property.
The question which we are concerned with on this rehearing is the degree of proof required of the parties claiming title or ownership against adverse claimants who are in possession without a deed translative of title. (Our original opinion held the Simontons did not have possession under a deed translative of title). Appellants contend that in accordance with La. C.C.P. art. 3654, one asserting ownership against a person in possession must "make out his title" by proof of an unbroken recorded chain of conveyances after severance from the United States Government. Thus the Skinners would be required to prove a perfect title or as sometimes referred to "a title good as against the world."
We do not agree with this position. The allocation of the burden of proof under Article 3654[1] is the same as provided for petitory actions by Article 3653.[2] Therefore, the jurisprudence defining the proof necessary to "make out his title" in a petitory action should equally apply to claims asserted under Article 3654.
The official revision comment (a) under Article 3653 provides as follows:
"(a) When the defendant is in possession, this article makes no change in the law. The words `make out his title' are taken from Art. 44 of the Code of Practice, and are intended to have the same meaning as given to them under the jurisprudence interpreting the source provision."
The jurisprudence under Article 44 of the old Code of Practice made a distinction in the burden on the plaintiff in a petitory action in making out his title against a possessor under and without a deed translative of title. In the case of Hutton v. Adkins, 186 So. 908 (La.App.2d Cir. 1939), the rule was stated thusly:
"[1] Defendants, as was their father, are without title to the land in question. The possession of a part of it now exercised by Adkins, with their consent, is that of a trespasser against whom plaintiff does not have to establish a perfect title, a title good as against the world.
"[2] As against a possessor in good faith holding under a title translative *614 of property, a plaintiff in a petitory action, to succeed, must establish title in himself perfect in character. Glover v. Haley et al., 118 La. 649, 43 So. 265. The converse of this principle is equally true.
"[3] It is axiomatic that in such an action a plaintiff must depend upon the strength of his own title rather than upon the weakness of his adversary's in order to prevail. Code of Practice, Article 44. This implies, of course, that each side has and is asserting separate and distinct titles to the property in controversy. The rule is not so strict and the strength of plaintiff's title need not be so great when the defendant depends upon possession alone, and especially, as in the present case, possession of only a few years.
"In Kernan v. Baham et al., 45 La.Ann. 799, 13 So. 155, it is held:
"As against a defendant whose claims in a petitory action are found to rest only on possession, and prescription under it, plaintiff need not show a title perfect in all respects. One apparently good will suffice.'"
We do not find any legislative intent in the language of Articles 3653 or 3654 of the La.C.C.P. adopted in 1960 to overrule this jurisprudence. We are aware of the holding of the Third Circuit in the case of Deselle v. Bonnette, 251 So.2d 68 (La.App. 3d Cir. 1971), in which the author of the opinion made a very scholarly evaluation of this issue. However, we must beg to disagree with the conclusions reached therein in respect to the effect of the adoption of Article 3653 on the prior jurisprudence.
The practical effect of the Deselle decision would allow a trespasser without semblance of title to take physical possession of another's property and should his possession endure for more than one year before it is discovered, any break in the owner's chain, however ancient, would defeat a petitory action to recover the property. We do not believe this was the intent of the legislature in the adoption of the Code of Civil Procedure.
The facts of the instant case are very analogous to those in Hutton v. Adkins, supra. The break in the chain was more than 100 years ago and long prior to the taking of physical possession by the Simontons by moving the fence to enclose the disputed property. There has been an unbroken chain in the Skinners' title since 1874 and we conclude they have "made out their title" as against the Simontons who have not had possession under a deed translative of title.
For the foregoing reasons our original opinion is reinstated and made the judgment of the court.
NOTES
[1] La.C.C.P. Article 3654 provides: When the issue of ownership of immovable property or of a real right is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right is so presented, the court shall render judgment in favor of the party: (1) Who would be entitled to the possession of the immovable property or real right in a possessory action, unless the adverse party makes out his title thereto; or (2) Who proves better title to the immovable property or real right, when neither party would be entitled to the possession of the immovable property or real right in a possessory action.
[2] La.C.C.P. Article 3653 provides: To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall: (1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or (2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.