327 So.2d 538 (1976)
Joseph ROMBY et ux., Plaintiffs-Appellees,
v.
ZION HILL BAPTIST CHURCH, Defendant-Appellant.
No. 12816.
Court of Appeal of Louisiana, Second Circuit.
February 9, 1976.
Rehearing Denied March 15, 1976.
Mecom, Scott & Woods, by Leroy H. Scott, Jr., Shreveport, for defendant-appellant.
Charles E. Welsh, Bossier City, for plaintiffs-appellees.
Before PRICE, BOLIN and SMITH, JJ.
En Banc. Rehearing Denied March 15, 1976.
*539 PRICE, Judge.
Plaintiffs, Joseph and Stella Romby, brought this petitory action seeking to be recognized as owners of a 9½ acre tract of land in Bossier Parish and asking that the defendant be ordered to remove its structure from the property and surrender possession thereof. The defendant, Zion Hill Baptist Church, answered plaintiffs' petition claiming to be in possession of only a ½ acre plot in the northwest corner of the 9½ acre tract claimed by plaintiffs. The defendant further contends it has had peaceful possession of this plot on which its church building is located since 1942, a period in excess of thirty years, and that defendant is therefore entitled to be recognized as owner of this part of the property.
At the outset it should be noted defendant lays no claim to any portion of the tract described in plaintiffs' petition other than the church plot which all parties agree is properly reflected on a map of survey dated April 17, 1973, by Paul Barber, registered civil engineer. It is apparent from the record that the defendant acquired a ½ acre plot in the northeast corner of the subject 9½ acre tract by deed dated November 24, 1947, but thereafter by mistake took possession of the northwest corner to which they had no title.
The testimony was not transcribed and we must review the case on appeal solely on the exhibits and factual recitations of evidence contained in the trial judge's reasons for judgment.
On the trial of the merits, plaintiffs introduced into evidence the above referred to survey, their deed to the property dated April 19, 1960, and the deed whereby their vendor acquired title on June 12, 1959. No further evidence was presented by plaintiffs.
The only evidence contained in the record relating to the time defendant has possessed the property are several church programs of anniversary services tending to commemorate beginning dates of the church more than thirty years prior to the initiation of this action. The trial judge acknowledged there was strong circumstantial evidence presented by defendant on this issue, but in view of the conflicting testimony regarding the length of time the church had possessed the disputed property, he did not find defendant had carried its burden of proof to show it had possessed the property for thirty years.
The trial court further found the evidence presented by plaintiff was sufficient to show an apparent good title as against the defendant who had shown no title but who relied solely on possession. Judgment was accordingly rendered in favor of plaintiffs as prayed for.
From this adverse judgment, defendant has appealed contending the trial court erred in not finding it had possessed the disputed ½ acre plot for more than thirty years and finding that plaintiffs had borne the burden required of them in a petitory action of making out their title to the disputed property.
As the record does not contain any testimony for us to review, we must necessarily accept the trial judge's conclusion in regard to the rejection of defendant's assertion that it had acquired ownership by possession of more than thirty years of the church plot.
The most serious question raised by defendant on this appeal is whether plaintiffs offered sufficient evidence to make out their title as a plaintiff in a petitory action in light of the recent Supreme Court decision in Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974).
Prior to the Skinner decision of the Supreme Court, this circuit had followed the rule that a plaintiff in a petitory action was only required to show an "apparent good title" as against a party in possession without any claim to record title. See the *540 opinion of this court in Pure Oil Company v. Skinner, 284 So.2d 608 (La.App. 2nd Cir. 1973), which was reversed by the Supreme Court under its supervisory power in the above referred to citation.
L.S.A.-C.C.P., Article 3653 allocates the burden of proof in a petitory action as follows:
To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.
In its opinion in Skinner the Supreme Court has interpreted the requirement of subsection (1) of the foregoing article to cast the burden on a plaintiff of making out his title by evidence of an unbroken chain of transfers emanating from a patent which in effect is to prove title that is good against the world even against a party in possession without a deed translative of title.
Although we might not agree with this rule of law, it is the latest expression of the Supreme Court and we feel constrained to follow it.
Plaintiffs have suggested that a recent decision of the First Circuit, Succession of Kemp v. Robertson, 316 So.2d 919 (La.App. 1st Cir. 1975), is contrary to Skinner and indicates Skinner is not being followed. We find the Kemp case distinguishable from Skinner and do not draw the same conclusion as plaintiffs in this regard.
Plaintiffs, having failed to present evidence of any chain of title to the subject property prior to the year 1959, have therefore failed to carry the burden of proof required of them under Article 3653 as interpreted by the Supreme Court.
Alternatively plaintiffs ask that we remand the case to allow them to submit further evidence in the event we follow the Skinner decision.
This request is based on the inference they were not aware of the Supreme Court decision in Skinner at the time of the trial of this case in the district court. We find the Skinner decision was handed down and published prior to the trial of this case and that it would be improper to grant plaintiffs' request for remand.
In accord with the foregoing reasons the judgment appealed is recast and it is now ordered that plaintiffs, Joseph and Stella Romby, be recognized as the owners of the following described property:
Begin at the Southwest corner of the Northeast Quarter of the Southeast Quarter, of Section 2, Township 18 North, Range 12 West, run thence North 495.0 feet to the point of beginning of the tract herein described, run East 1320 feet, run thence North 330.0 feet, run thence West 1320 feet, run thence South 330.0 feet to the point of beginning, less the following: a one-half acre in the Northeast corner as described in Book 191, page 126, of the Conveyance Records of Bossier Parish; also less and except a 105-foot square plot occupied by Mt. Zion Baptist Church described as follows: begin at the Southwest corner of the Northeast Quarter of the Southeast Quarter of Section 2, Township 18, Range 12 West, Bossier Parish; run thence North 495 feet; thence South 89 degrees, 30 minutes East a distance of 52 feet; thence North 330 feet to point of beginning; run thence South 89 degrees, 30 minutes East a distance of 105 feet; thence South 105 feet; thence North 89 degrees, 30 minutes West a distance of 105 feet; thence North a distance of 105 feet to point of beginning.
*541 It is further ordered that the claim of ownerhip by prescription of defendant, Zion Hill Baptist Church, to the 105-foot square plot above described be rejected; it is also ordered that defendant's right to possession of this plot be recognized and maintained.
All costs of this proceeding including this appeal are assessed against plaintiffs.
Affirmed in part and reversed in part.