336 So.2d 349 (1976)
Marian Danks GREEN, etc.
v.
Donald J. CENAC et al.
No. 10783.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Rehearing Denied August 27, 1976.
Writ Refused November 16, 1976.
*350 Calvin H. McBride, James D. McGovern, Jr., New Orleans, for appellant.
J. Louis Watkins, Houma, for appellees.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge:
This is an appeal from a judgment in a petitory action, rejecting the claim of ownership of the plaintiff, Marian Danks Green, in her capacity as Administratrix of the Succession of Louisa Jackson, widow of Hilliard Franklin, and recognizing the defendant, Donald J. Cenac, to be the owner of Lot 8 in Block 10 of the Town of Houma, Louisiana, designated as Municipal No. 622 Roussel Drive, Houma, Louisiana, and also dispensing with an accounting for rent collected.
The plaintiff instituted a petitory action against defendant Cenac to have the Succession of Louisa Franklin decreed the owner of the subject property, and an action for an accounting against the rental agent, Helen Carter Bryant and her husband, C. S. Gordon. The petition alleged that plaintiff was out of possession of the property and admitted that defendant Cenac was in possession. Defendant Cenac admitted in his answer that he was in possession and claimed the property adversely to the plaintiff, having acquired the property from the heirs of Louisa Franklin, deceased.
On the trial it was established that Louisa Franklin acquired the subject property by deed from Clarence Davis on May 5, 1906, of record in C.O.B. 55, folio 157, Terrebonne Parish, Louisiana. Louisa Franklin died in 1917. From 1938 until October 5, 1972, defendant Helen Carter Bryant Gordon, wife of defendant Reverend C. S. Gordon, managed the subject property for the alleged heirs of the decedent. On October 5, 1972, defendant Bryant, acting as agent for the alleged heirs, conveyed said property to defendant Cenac.
Thereafter, plaintiff Green petitioned on November 29, 1972, to be appointed Administratrix of decedent's succession, naming different heirs, Hester Franklin and her children and grandchildren, from the heirs *351 for whom defendant Bryant had been managing since 1938, namely, James Campbell, James W. Jones and Arthur Keyes.
Subsequently, the plaintiff in the present action instituted an eviction proceeding in the city court against the lessees of defendant Cenac. After trial, the court took the matter under advisement and the record does not reflect that a decision has been rendered.
There is no dispute that the decedent owned the subject property. She never disposed of it during her lifetime. Long after her death persons claiming to be the Franklin heirs conveyed the property to defendant Cenac. Other persons claiming to be the Franklin heirs assert ownership of the subject property through the plaintiff herein, claiming that the property still belongs to the decedent's succession.
To support the petitory action and claim of heirship, plaintiff offered the succession proceedings with the affidavit of death and heirship. On the trial it developed that the affiants had no personal knowledge of the heirs of Louisa Franklin and plaintiff offered no convincing evidence as to who were the Franklin heirs.
The trial court ruled that since defendant Cenac was admittedly in possession of the subject property, plaintiff in the petitory action had the burden of making out her title thereto. LSA-C.C.P. art. 3653. The burden of proof imposed on the plaintiff in a petitory action where the defendant is in possession is much more onerous than when the defendant is out of possession. See Comment (a) under LSA-C.C.P. art. 3653.
This comment states that the words "make out his title" are to have the same meaning as given to them under the jurisprudence interpreting the source provision, Article 44 of the Code of Practice. The rule established by the jurisprudence is that in a petitory action against a defendant in possession the plaintiff must make out his title to the property claimed and must recover upon the strength of his own title and not on the weakness of the defendant's. See Deselle v. Bonnette, 251 So.2d 68, 70 (La. App.3rd Cir. 1971), writ denied, 259 La. 881, 253 So.2d 215; Johnson, Real Actions, 35 Tul.L.Rev. 541, 547 (1961).
The leading case on this question is Pure Oil Company v. Skinner, 294 So.2d 797, 798 (La. 1974), in which our Supreme Court said:
"The record in this case establishes, and it is undisputed, that the relators have possessed the property in question since 1947. Therefore, it is clear that the burden of proof placed on respondents is greater than that provided in Code of Civil Procedure Article 3654(2), the burden of proving a better title. The statutory imposition of a higher burden of proof than simply proving better title when an adverse claimant is in possession of disputed land leads to the inevitable conclusion that respondents' burden was to `make out his title thereto.' In other words, respondents were required to prove valid record title, to show title good against the world without regard to the title of the party in possession."
Hence, it is established that the plaintiff in a petitory action, when the defendant is in possession, must prove good title against the world. To hold otherwise would be to deracinate those statutory and jurisprudential pronouncements.
When LSA-C.C.P. art. 3653 and the cited authorities are applied to the instant case it is clear that the plaintiff has not proved a valid title. The affidavit of heirship was signed by Irene Robertson Danks and Nehemiah Noble. Mrs. Danks testified at the trial of this action. Her testimony is to the effect that she had no personal knowledge of the decedent, Louisa Franklin, and that she had never lived in the community where the decedent lived and died. There is nothing in her testimony to show that any of the claimants were related to the decedent, much less her heirs. In her testimony she said she knew the other affiant, Nehemiah Noble, but that she did not remember what he knew about the Franklin family. Although it appears that Noble *352 was a man of 52 to 59 years of age who resided in Terrebonne Parish or Orleans Parish, depending upon whether the plaintiff or Mrs. Danks was correct, he was not called as a witness. It is also to be noted that the plaintiff, Mrs. Green, did not know who the heirs of Louisa Franklin are.
Mrs. Green testified, as follows, N.T. 33:
"Q. You don't know then from what you're telling me whether or not your father was a grandchild of Louisa Franklin, do you?
A. No, I don't know.
Q. You don't know what his relationship was to Louisa Franklin?
A. No.
Q. And I don't guess then that you know what relationship your grandmother, Hester Danks, was to Louisa Franklin?
A. No, I don't."
Our review of the evidence and testimony convinces us that the trial court was correct in his judgment that plaintiff's petitory action must fail. There is no proof that the persons who claim through the succession of Louisa Franklin, deceased, are her heirs.
Having concluded that the plaintiff's petitory action must be dismissed, we do not consider the question of the defendant's title. Our jurisprudence is well settled that the title of the defendant is not at issue until the plaintiff has proved a valid title in himself in a petitory action against a defendant in possession. See Desselle v. Bonnette, supra, at 72.
We also conclude that the plaintiff is not entitled to an accounting, the claim of ownership on which the accounting is based having fallen.
Accordingly, it is ordered, adjudged and decreed that the portion of the trial court's judgment which dismissed the petitory action affecting the following described property is affirmed.
A certain lot of ground, situated in the town of Houma, in the Parish of Terrebonne, measuring sixty (60') feet front on Roussel Street by a depth of one hundred twenty (120') feet, better known on a plan of Houma on file in the office of the Clerk of Court, Terrebonne Parish, Louisiana, as Lot No. Eight (8) in Block No. Ten (10); together with all the buildings and improvements thereon.
Improvements thereon bear Municipal No. 622 Roussel Street, Houma, Louisiana.
It is further ordered, adjudged and decreed that the judgment of the trial court is amended to delete that portion thereof which decreed ownership of the property. Costs are to be assessed against the appellant.
AMENDED AND AFFIRMED.