496 So.2d 502 (1986)
TENNECO OIL COMPANY
v.
Loulan PITRE, et al.
No. 85-CA-0785.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
Writ Denied December 12, 1986.
*503 Stanwood R. Duval, Jr., Duval, Funderburk, Sundbery & Lovell, Houma, for plaintiff-appellee Tenneco Oil Co.
Roger M. Evans, New Orleans, for defendant-appellant Loulan Pitre.
Stephen G. Peltier, Peltier and Peltier, Thibodaux, for defendant-appellee Gwen Pitre Cheramie.
Ashly Bruce Simpson, Lockport, for defendant-appellee The Heirs of Lester Pitre.
Before EDWARDS and WATKINS, JJ., and PONDER[*], J.
EDWARDS, Judge.
Loulan Pitre appeals[1] a trial court judgment in favor of Tenneco, declaring Tenneco the owner of a certain tract of disputed property in Lafourche Parish. The controversy began in the early seventies when Pitre filed a possessory action against Tenneco. Although the trial court found in favor of Tenneco in that action, this court reversed and held that Pitre had the right to possess the land in question. Pitre v. Tenneco Oil Co., 385 So.2d 840 (La.App. 1st Cir.), cert. denied, 392 So.2d 678 (La.1980). This petitory action followed.
At issue in this case is a tract of land one-half arpent wide by three arpents long located in Section 53 of Township 18 South, Range 21 East, in Lafourche Parish. Tenneco claims ownership of all Section 53, which includes the disputed portion of land. Pitre claims a tract of land fronting on Bayou Lafourche one-half arpent wide and forty arpents deep, which also includes the disputed tract.
*504 
Pitre claims an interest in the land in question through the succession of his father. In 1904, his father acquired
A certain tract of land on the right bank of the bayou Lafourche, state of Louisiana, at about forty-three (43) miles below the Town of Thibodaux, measuring one half (½) arpent front on said bayou by a depth of forty (40) arpents, bounded above (formerly) by lands of Mrs. Jean M. Lonibas, nee Celina Pierce and below (formerly) by lands of Washington Cantrelle, together with all the buildings and improvements thereon, rights, ways, privileges and advantages to said tract of land belonging.
In 1927, Tenneco's ancestor in title, La Terre Company,[2] acquired all of Section 53. Section 53 abuts Section 4 at the rear of the Pitre property. At its northern and southern section lines, Section 4 measures about 40 arpents from the Bayou. However, for many years property lines within the section have not run parallel with the section lines, and consequently certain tracts are less than 40 arpents in depth.
In the late 1940's the Pitre family and La Terre each granted rights of way to the parish for a drainage canal. The canal, commonly known as the 40 arpent canal, was constructed in 1950 through a portion of Section 53.
The plaintiff in a petitory action has the burden of proving his ownership. If the court finds that the defendant is in possession, the plaintiff must prove he has acquired ownership from a previous owner or by acquisitive prescription. If the court finds, however, that the defendant is not in possession, plaintiff need only prove a better title than defendant. LSA-C.C.P. art. 3653. Tenneco's title is perfect, an unbroken chain back to the sovereign. Thus Tenneco has clearly proved that it acquired the property from a previous owner.
It is only after plaintiff has made a prima facie showing of ownership that defendant's ownership becomes an issue. See Green v. Cenac, 336 So.2d 349, 352 (La.App. 1st Cir.), cert. denied, 339 So.2d 20 (La.1976). Pitre claims ownership by means of acquisitive prescription.[3] Ownership may be acquired by acquisitive prescription *505 in one of two ways: (1) ten years possession with good faith and just title, or (2) thirty years possession with no need of good faith or just title. LSA-C.C. arts. 3475 and 3486. The type of possession required to commence the running of prescription is the same as that required to bring a possessory action. Norton v. Addie, 337 So.2d 432, 435 (La.1976). Possession without title extends only to that which has been actually possessed. LSA-C.C. arts. 3426 and 3487.
On the other hand, the possession of even a part of an immovable by virtue of a title gives the possessor constructive possession to the limits of his title. LSA-C.C. art. 3426. The doctrine of constructive possession is not, however, unlimited. Property cannot be legally possessed by adverse parties simultaneously, and constructive possession cannot prevail over adverse corporeal possession. Norton v. Addie, 337 So.2d at 436; Plaisance v. Collins, 365 So.2d 608, 616 (La.App. 1st Cir.1978). Thus one can only constructively possess what no one else is corporeally possessing.
In a petitory action brought in accordance with Article 3662(2) of the Code of Civil Procedure, the court may determine whether defendant is in possession without regard to the judgment in the previous possessory action. The possessory action holding that Pitre was in possession does not, therefore, preclude a contrary holding in the resulting petitory action. See Board of Commissioners v. S.D. Hunter Foundation, 354 So.2d 156, 166 (La.1977). See also Yiannopoulos, Property § 192, at 517, in 2 Louisiana Civil Law Treatise (1980).
Pitre claims both corporeal and constructive possession. The record simply does not support a finding of corporeal possession. Pitre's own testimony clearly shows that he and his family did not even know the exact extent of their property or the location of their rear boundary until the early part of 1970. Until the drainage canal was constructed in 1950, all of Pitre's property except the front eight or nine arpents that border the Bayou was marsh. Mr. Pitre testified that members of the family occasionally went hunting and crawfishing on the back part of the property. Dr. Holland Pitre, Mr. Pitre's son, did some trapping on the property as a child, and occasionally swam across the drainage canal and walked on the land in dispute. Yet occasional hunting and trapping are not sufficient to constitute actual corporeal possession. See Buras v. United Gas Pipe Line Co., 127 So.2d 271, 274 (La.App. 4th Cir.), cert. denied, unreported (La.1961).
At first blush it would seem that the Pitre family could take advantage of the doctrine of constructive possession by virtue of having lived on the front part of the property and holding just title to forty arpents measured from the Bayou. Nevertheless any constructive possession was to no avail in light of La Terre's and Tenneco's corporeal detention of the property. See Norton v. Addie, 337 So.2d at 436.
Tenneco and La Terre have corporeally possessed the property since 1925. They granted mineral leases, grazing leases, and trapping leases. Originally the forty-arpent line was marked and kept clear of vegetation by the trappers. Since 1950 the drainage canal has essentially marked the forty-arpent line. Furthermore, various geological activities, such as seismic and coring operations, were conducted on that property by the plaintiff. At frequent intervals since the 1950's, La Terre and Tenneco have cleared areas along the section line; maintained "No Trespassing" signs; and conducted periodic patrols by air, by water and on foot to look for signs of adverse possession. By permitting Tenneco's corporeal possession to continue for 40 years, Pitre lost constructive possession.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] Although both briefs suggest that there are multiple appellants, the only order of appeal of record is that granting Loulan Pitre an appeal.
[2] La Terre merged with Tenneco in 1975.
[3] It is therefore immaterial that Pitre's chain of title is broken.